THE STATE v. FRANK NEWMAN, Appellant.

Division Two, November 13, 1912.

1. ROBBERY: Independent Crime: Presence in Vicinity Within Twenty-four Hours: Corroboration: Identification, etc.  The State's evidence tended to prove that in the afternoon defendant and another gained admission to the residence of Newman, by pretending to be employees of a telephone company, desiring to inspect the house telephone; and while there they placed Mrs. Newman in fear by threatening her with revolvers, thereby compelling her to give up valuable jewelry, and for this defendant was convicted of robbery. *Held,* that testimony of Newman that defendant visited his residence the night before the robbery, in the pretended search for some one, was not an attempt to prove an independent crime, but competent to prove that defendant was within the city less than twenty-four hours before the robbery; and also to corroborate the nurse who testified to seeing defendant on both his visits to the house, and from seeing him on both occasions she identified him as one of the men who committed the robbery.

2. ———: Request to See Coindictee: Oral Instruction.  Upon the request of a juror, at the close of the evidence, to see the man jointly indicted with defendant, and to be informed whether the prosecuting witness recovered the jewelry taken from her, oral information from the court that the request could not be

granted without violating the rights of defendant, was not error —especially where the court gave an additional instruction informing the jury that neither the State nor the defendant was required to produce the coindictee as a witness, and that no inference unfavorable to either should be drawn from the fact that said coindictee did not appear as a witness.

3. **ALIBI: Question for Jury.** The evidence that defendant was at a place other than the scene of the robbery at the time the offense was committed presents an issue purely for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm* and *Hon. Leo S. Rassieur,* Judges.

AFFIRMED.

*Grant Gillespie* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The court properly permitted Patrick H. Newman, husband of the prosecuting witness, to testify that defendant and his coindictee were in his (Newman's) home three days before the robbery occurred. This evidence was admissible for the purpose of identifying defendant and connecting him with the crime charged. State v. Finn, 199 Mo. 603; State v. Walker, 194 Mo. 262; State v. Bailey, 190 Mo. 284; State v. McGee, 188 Mo. 410. (2) The evidence as to the defense of alibi is conflicting. The trial court, by proper instruction, submitted that defense to the jury, the jury—the triers of the facts—have found that issue against the defendant, and this court will not interfere with the finding of the jury on that question of fact. State v. Hert, 89 Mo. 590; State v. Woodward, 171 Mo. 593; State v. Barton, 214 Mo. 316; State v. Shelton, 223 Mo. 118; State v. Eisler, 220 Mo. 67; State v. Brooks, 220 Mo. 85; State v. Adair, 160 Mo. 391. (3) The court did not err in instructing the jury (after one of the jurors had, with the consent of

counsel for the State and for the defendant, asked certain questions of the court), that there was no obligation on the part of either the State or the defendant to produce the codefendant in court for the inspection of the jury, and that the jury had no right to draw any inference unfavorable either to the State or to defendant from the fact that the codefendant did not appear before the jury. State v. DeWitt, 186 Mo. 65. Nor did the court err in instructing the jury that "it is not material to the question of defendant's guilt or innocence whether the property stolen (if any was stolen) was returned to the owner or not." The jury, through one of their number, had asked about this matter, and the court by this instruction declared an elementary principle of criminal law. State v. Daly, 210 Mo. 681.

BROWN, P. J.—Convicted in the circuit court of St. Louis City of the crime of robbery in the first degree, defendant appeals from a judgment of that court fixing his punishment at ten years in the penitentiary. Defendant was jointly indicted with one Charles Felchlin, but obtained a severance and was separately tried.

On the part of the State, the evidence tends to prove that on May 27, 1910, between the hours of two and three p. m., defendant and one Charles Felchlin gained admission to the residence of Patrick Newman in the city of St. Louis, by pretending to be employees of a telephone company desiring to inspect Mr. Newman's telephone. Upon entering the house, the defendant and his confederate, Felchlin, placed Mr. Newman's wife in fear by threatening her with revolvers, thereby compelling her to give up jewelry of the value of several hundred dollars, which defendant took away with him.

Defendant was identified by Mrs. Newman and her nurse as one of the parties who committed the

robbery; also by Mr. Newman, who testified that defendant visited his home the night before the robbery, in a pretended search for another party. No crime was committed or attempted during defendant's first visit to Newman's home.

The defense was an alibi, to support which two witnesses testified that defendant was at a doctor's office in another part of the city at the hour the robbery was committed.

After the close of the evidence, one of the jurors requested to see Felchlin, the man jointly indicted with defendant, and to be informed whether the prosecuting witness recovered the jewelry which was taken from her; whereupon the court informed him orally that the request could not be granted without violating the rights of defendant. The court also gave the jury an additional instruction informing them that neither the State nor the defendant was required to produce the codefendant as a witness, and that no inference unfavorable to either the State or defendant should be drawn from the fact that the codefendant did not appear as a witness. The court also instructed the jury that it was not material to the question of defendant's guilt or innocence whether the property stolen (if stolen) was returned to the owner or not.

Appellant has not favored us with a brief; and the only alleged errors of the trial court recited in the motion for a new trial which are worthy of mention in this opinion, are, (1) the admission of evidence that defendant visited the Newman home the night before the robbery; and (2) the instruction given the jury after one of their number had asked the court for additional information.

I. We see no error in permitting the witness Patrick Newman to testify that defendant came into his home the night before the robbery. It was not an attempt to prove an independent crime, but was a

legitimate effort to ·prove that defendant was in St. Louis less than twenty-four hours before the robbery, which, though very slight evidence of his guilt, was some evidence of that fact. [2 Wharton's Criminal Evidence, (10 Ed.), Sec. 939.] ·

. It also tended to corroborate the colored nurse who testified to seeing defendant on both his visits to the Newman home, and from seeing him on both these occasions she identified him as one of the parties who committed the robbery. [State v. McGee, 188 Mo. 401, 1. c. 410.]

II.    There was no error in the court's action in orally informing the jury that the additional information they desired could not be given them after the case was closed, without encroaching upon the rights of defendant. Particularly is this true, as the court gave to the jury additional instructions correctly informing them that the failure to place before the jury the additional evidence they desired should not raise any presumption of defendant's guilt.

The evidence that defendant was at a place other than the Newman home at the time of the robbery was purely an issue for the jury, and we will not disturb their finding thereon.

Finding no error in the record, the judgment is affirmed.

*Ferriss* and *Kennish, JJ.,* concur.