## THE STATE v. RICHARD SYDNOR and BEN FOSTER, Appellants.

### Division Two, December 9, 1913.

1. **INSTRUCTION: On all the Law: No Assignment in Motion.** An assignment that the trial court failed to instruct the jury on all the law of the case will be disregarded on appeal, if the motion for a new trial fails to designate any point on which the court failed to instruct.

2. **EVIDENCE: Exclusion: Self-impeachment.** The prosecuting witness should not be required to pass judgment upon his own veracity, or lack of it, under a state of facts which had not arisen at the time an objection to a question asked him was sustained.

3. ————: **Substantial: Robbery.** The prosecuting witness testified that defendants seized him as he was standing, about 1:30 a. m., at a street corner, under a very bright street lamp, waiting for a car; that they took him into an alley, and while one held him the other took a ten-dollar bill from his pocket, and a watch; that he immediately hunted up a policeman and went with him to a near-by Chinese restaurant to give him a description of the robbers, and while such description was being written, the defendants entered and he immediately recognized them. Before they were arrested the policeman took him out in front of the restaurant and questioned him closely as to the identity of defendants. When arrested a ten-dollar bill was found on the one who had taken such a bill from him; and later in the night a watch corresponding in make and date to the one taken from the prosecuting witness was found in the restaurant hidden among some chop suey crates, and the Chinaman in charge would not claim it. The testimony of defendants' witnesses indicates that they were together on the street within a block of the place where the prosecuting witness claims he was robbed within ten minutes of the time of the robbery. *Held*, sufficiently substantial to warrant a verdict of guilty.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*William E. Fish* and *William P. Hill* for appellant.

*John T. Barker,* Attorney-General, for the State; *Paul P. Prosser* of counsel.

(1) The separate verdicts are responsive to the issues, and are amply sufficient to support the respective judgments entered in accordance therewith. State v. King, 194 Mo. 494; State v. Grossman, 214 Mo. 243; State v. Bishop, 231 Mo. 415. (2) The verdicts are supported by abundant evidence of the defendants' guilt. No demurrer was offered by the defendants to the evidence on the part of the State, nor at the close of all the testimony in the case; and the complaint made in their motion for a new trial that the verdicts are against the evidence is only "the natural appendix to a lost cause." The positive identification of the defendants by the prosecuting witness, their admitted presence in the immediate neighborhood at the time of the commission of the offense, the finding of the ten-dollar bill on the defendant Sydnor crumpled up in a card case and separate and apart from other money in his possession, the discovery of the watch, hidden at a place in the restaurant near which the defendants had been seen to stand just prior to their arrest; all these facts leave little room for any serious consideration of their defense of *alibi.* However, it was the special province of the jury to pass upon the issue thus presented, and where there is substantial evidence to support their verdict this court will defer to the finding of the jury and the trial court. State v. Alexander, 184 Mo. 272; State v.

White, 189 Mo. 349; State v. Smith, 190 Mo. 723; State v. Newman, 245 Mo. 499. (3) As the second ground of their motion for a new trial, the defendants complain that "the court failed to instruct the jury as to all the law applicable to the case." No instructions were requested by the defendants, nor does it anywhere appear in the record that the attention of the trial court was called to any particular point omitted in the instructions given. The general specification contained in the motion for a new trial is insufficient, in that it does not call the attention of the court to any particular question of law on which it is claimed the court failed to instruct. State v. Conway, 241 Mo. 291; State v. Dockery, 243 Mo. 599; State v. Sykes, 248 Mo. 712.

BROWN, P. J.—Convicted of the crime of robbery in the first degree the defendants appeal from a judgment of the circuit court of St. Louis City fixing their punishment at five years each in the penitentiary.

John Herbert, the prosecuting witness, testifying on behalf of the State, says that on the morning of January 1, 1913, about the hour of 1:30 a. m., he was robbed by defendants near the corner of Fairfax and Sarah streets in St. Louis City, a locality inhabited mostly by negroes.

About two or three blocks from the scene of the alleged robbery is located a Chinese restaurant, and about the same distance, though in a different direction, is located the residence of a colored man by the name of Lang, who gave a New Year's party on the evening of December 31, 1912. These places figure extensively in the evidence of the witnesses.

The prosecuting witness, a railroad brakeman, testified that he spent most of the evening of December 31, 1912, and until 1 a. m., January 1, 1913, sitting with another railroad man by the name of Fitzgerald in a saloon on Whittier street, where they smoked

several cigars and drank a few glasses of beer. When the saloon closed at 1 a. m. the prosecuting witness walked to the corner of Fairfax and Sarah streets, intending to take a car and go home; that while he was at this corner under a very bright street lamp, the defendants came along and, after asking him if he "had been to the white folks' party," seized him by the arms, dragged him about a half block or more and into an opening between two buildings, and there the defendant Foster held him and defendant Sydnor took from him a ten-dollar bill, some small change and an Ingersoll watch; that while they were thus pulling him along by the arms they told him that if he holloed they would kill him.

After he was robbed Mr. Herbert hunted up a policeman, and the two went to the Chinese restaurant before mentioned. There the policeman started to write down a description of the parties who committed the robbery, and while he was doing so the defendants entered the restaurant. The prosecuting witness recognized them at once, but the policeman took the prosecuting witness out in front of the restaurant and questioned him closely as to the identity of the parties before making the arrest. When arrested defendant Sydnor had in one of his pockets a ten-dollar bill "crumpled up" in a card case; also a two-dollar bill and some small change in another pocket. No money was found on defendant Foster.

George Ernest was in the restaurant when defendants were arrested. He testifies that on the night after the arrest he was again in the restaurant and found a watch where it had been hidden among some chop suey crates. The watch thus found was still running and corresponded in make and date of purchase to the one taken from Herbert by the parties who committed the robbery. The Chinaman who operated the restaurant would not claim the watch; ap-

parently it had been placed where it was found by some one not connected with the restaurant.

The evidence does not show that the defendants placed this watch where it was found, but only that it was possible for them to have done so just before they were arrested.

On the part of defendants there was testimony of two witnesses that defendants attended a "watch party" at a negro church located on Elliott and Wash streets until after the hour of midnight of December 31, 1912, and that they subsequently attended the New Year's party at Lang's residence. Two witnesses swore that defendant came to Lang's party at 1:20 a. m. and remained there until after 3 a. m., of January 1, 1913, when they went to the Chinese restaurant, where they were arrested.

The father of Sydnor testified that his son (one of the defendants) had been working for him regularly as a paper hanger, and that on the day prior to the alleged robbery he paid his son $12.50 in cash and gave him an order on which the son received eight dollars additional.

Defendant Sydnor was not sworn, but defendant Foster testified, denying all connection with the robbery. He stated that he never saw the prosecuting witness until defendants entered the restaurant, where they were arrested.

The evidence of the prosecuting witness and the policeman was to the effect that there were very few people on the streets near the corner of Fairfax and Sarah at the hour of 1:30 a. m., on January 1, 1913, while the evidence of defendants' witnesses tended to prove that there were numerous people on said streets at that hour.

Such other points in the evidence as are necessary to a proper understanding of the case will be found in our opinion.

The defendants have filed no brief in this court, but their motion for new trial below assigns the following alleged errors: (1) Failure of the trial court to instruct the jury on all the law of the case; (2) exclusion of legal evidence; (3) admission of improper evidence; and, (4) that the verdict is against the evidence.

I. Defendants' first assignment must be disregarded, because their motion for new trial does not designate any point upon which the court Instructions. failed to instruct the jury. [State v. Conway, 241 Mo. 1. c. 283; State v. Dockery, 243 Mo. 1. c. 599; State v. Horton, 247 Mo. 1. c. 663.]

II. The only evidence offered by defendants which was excluded by the court was a part of the cross-examination of the prosecuting Exclusion of Evidence. witness. Said witness upon being asked by defendants' counsel if he went into the alley where he was robbed, with some negro girls, he replied that he did not. He was then asked if he would not deny that he went into an alley with negro girls even if it were true. Upon objection by the State, he was not required to answer the last question. We do not think the witness should have been required to pass judgment on his own veracity, or lack of it, under a state of facts which, so far as the evidence indicates, had not yet arisen. The court did not err in refusing to require the prosecuting witness to answer the question. No effort was made to impeach the witness by evidence of his general bad reputation for truth or morality.

III. A careful reading of the entire record does not disclose the admission of any improper evidence, consequently there is nothing to support defendants' third assignment.

IV. The fourth assignment challenges the sufficiency of the evidence. The prosecuting witness says

State v. Sydnor and Foster.

that when seized by the defendants he was standing, or
walking slowly, under a very bright street
Sufficiency of
Evidence.
lamp, so that he must have obtained a
good view of their faces, which were not
masked. He also heard their voices. This gave him
a very good opportunity to identify them. We think
the evidence of the prosecuting witness made out a
prima-facie case for the State, and that other evidence
in the case tends to corroborate him.

The evidence of defendants' own witnesses indi-
cates that the defendants were together on the streets
not more than a block from the place where the prose-
cuting witness claims he was robbed within ten minutes
of the time of the robbery. The *alibi* which the de-
fendants attempted to establish is not very convincing.
It is seldom that any witness can remember the exact
minute when a transaction took place. This is illus-
trated by the testimony in this case. One of defend-
ants' witnesses swore than the defendants did not
leave Lang's New Year's party until about 3:30 a. m.,
while defendant Foster swears that they left Lang's
between two and three a. m.

It was the special province of the jury to weigh
the evidence, and there is nothing in this case which
would warrant us in disturbing their verdict. [State
v. Alexander, 184 Mo. 266; State v. Newman, 245 Mo.
495.] The judgment is affirmed.

*Walker* and *Faris, JJ.,* concur.