The bill herein has been filed by a wife against her husband and seeks partition of certain personal property. Defendant husband opposes.
Partition is sought of two separate funds of money. I have reached the conclusion that one of these funds may be partitioned, but that the other may not.
The former fund is $5,795.50 on deposit with defendant Camden Safe Deposit and Trust Company. This money was deposited by the husband in that banking institution and by him and his wife made subject to withdrawal in accordance with the terms of a signature card which was signed by both parties, which card reads as follows:
"The sum entered in this book belongs to us jointly, and we agree and direct that each may withdraw on his or her individual order during their joint lives, and that any balance upon the death of either shall belong to the survivor."
The evidence fully discloses that this deposit was made by the husband with his own money with a defined intent on his part to give to his wife an equal right with himself in the money. *Page 260 
There can be no doubt of the right of the wife to the relief which she now seeks touching that money.
The general rule is that compulsory partition may be had in equity of any class of property or any rights held in cotenancy.30 Cyc. 175. Certain exceptions to this general rule will be referred to in connection with the other fund embraced in the bill. The common law furnished no instrumentality by which partition of personal property could be judicially effected; but the jurisdiction in equity is unquestioned. 4 Pom. Eq. Jur.
(3d. ed.) § 1391. That jurisdiction is inherent in the court and is not based upon statutes. Grassman v. Badgley, 90 N.J. Eq. 203,205. It will be noted that the rights of the respective parties in this deposit are precisely the same. Each spouse has an equal present right of enjoyment in both the corpus and any accumulated interest, and equal rights by survivorship.
But the other fund sought to be partitioned is of a different nature. That is a fund of $10,000 delivered to Camden Safe Deposit and Trust Company under a trust agreement, a copy of which is annexed to the bill as "Exhibit B." The evidence discloses that that money was originally the money of the husband, but was placed in trust by him with a defined intent to clothe his wife with exactly the same rights to the money as that which he reserved to himself by the trust agreement.
The trust agreement was executed by complainant and defendant and sets forth that the money is transferred by them to the trust company in trust to hold, retain, invest and keep invested in mortgages, collect the income and pay taxes and after deducting commissions to pay the net income to each of the parties during the term of their natural lives, and at the death of either to pay the net income to the survivor for life and at the death of the survivor pay the corpus to his or her executor or administrator. The trust deed reserves to the parties the power of revocation, but provides that that power is to be exercised jointly by them during their joint lives, or by the survivor alone. *Page 261 
It will be observed that the parties have no present possessory right to the corpus of this fund except through their joint act in determining the trust. The right bestowed by the husband upon his wife was the enjoyment during their joint lives of one-half of the income, and the right to take the whole fund as survivor; no possessory right to any part of the corpus of the fund has been bestowed upon her by her husband or can be acquired by her, except through her husband's joinder in a revocation of the trust. Yet she now seeks to enjoy through partition a possessory right to one-half of the corpus and thus not only to change but also to enlarge the estate given to her by him.
But a further obstacle exists to the partition of this trust fund against the will of defendant husband. To allow that relief is to terminate an active express trust which not only is irrevocable, except by the joint will of the two cestuis quetrustent, but in which all the objects and purposes of the trust have not been accomplished, and in which no obstacle exists to prevent the continuance of the trust.
The authorities are in harmony to the effect that no doubt can exist as to the power and duty of this court to decree the termination of a trust, where all the objects and purposes of the trust have been accomplished, where the interests under it have all vested, and where all parties beneficially interested desire its termination. Tilton v. Davidson, 98 Me. 55; Sears v.Choate, 146 Mass. 395; Irwin v. Farrer, 19 Ves. Jr. 86;Barford v. Street, 16 Ves. Jr. 135; 39 Cyc. 99. But this will not be done where its effect will be to override and put an end to an active and irrevocable express trust and thus defeat a testator's or donor's intention, if the objects of the trust have not been fully accomplished and the trustee stands ready and able to execute the trust in good faith. Dodson v. Ball,60 Pa. St. 492; Harris v. Harris, 205 Pa. 460; Petition of Thurston,154 Mass. 596; Story v. Palmer, 46 N.J. Eq. 1, 5. In Cuthbert v.Chauvet, 136 N.Y. 326 (at p. 328), the rule is stated as follows: "It is true that courts of chancery and other equitable tribunals have always exercised a *Page 262 
supervisory power over the management of trust estates and the conduct of trustees, but they have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created. The exceptions have been rare, and have always belonged to a well-defined class where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent its entire failure."
A decree may be entered for partition of the deposit. Partition of the trust fund will be denied. *Page 263