David Baer died on May 8th, 1940, leaving a last will and testament probated by the surrogate of Essex County on June 6th, 1940, which provided inter alia:
"Third: All the rest, residue and remainder of my estate, both real and personal of which I am now seized or possessed and of which I may hereafter become seized or possessed, I do give, devise and bequeath unto my father, Emanuel Baer. If my said father shall predecease me however, then I do give, devise and bequeath all of said rest, residue and remainder of my estate unto Fidelity Union Trust Company of Newark, New Jersey, to have and to hold the same upon the following trust:
"(a) To invest and re-invest the same and to collect the interests, dividends, rents, issues and profits therefrom.
"(b) To pay the net income therefrom unto my brother, Arthur Baer, for and during the term of his natural life.
"(c) On the death of my said brother, Arthur Baer, to pay the net income therefrom unto my brother, Isaac Baer, for and during the term of his natural life.
"(d) When both of my said brothers, Arthur Baer and Isaac Baer shall have died, then to pay over, convey and deliver thecorpus of said trust unto St. Barnabas Hospital of Newark, New Jersey, to be used and disposed of by said hospital by applying so much thereof as shall be necessary to furnish and endow a room in said hospital, to be used perpetually as a memorial to my late mother, Sophie Baer, and to apply the income from the rest of said corpus for the upkeep and maintenance of said room."
Testator's father, Emanuel Baer, predeceased the testator. The life beneficiaries, Arthur Baer and Ted T. Baer (in the will named Isaac Baer), and the Hospital of Saint Barnabas and for Women and Children, successor to Saint Barnabas Hospital, have agreed in writing to the present distribution of the trust fund. The agreement provides that each shall be entitled to one-third of the corpus of the estate.
The complainants, Arthur Baer and Ted T. Baer, pray that the fund be distributed free of the trust in accordance with their agreement, in which prayer the Saint Barnabas Hospital and for Women and Children joins.
Complainants rely for relief upon Kelvey v. Tull, 119 N.J. Eq. 536; 182 Atl. Rep. 894, contending that where a trust is created under the terms of which the income is payable *Page 335 
to one beneficiary for life and on his death the principal is payable to another and it does not appear that the settlor had any other purpose in creating the trust than to enable the beneficiaries successively to enjoy the trust property, the beneficiaries, if they both consent and if neither is under an incapacity, can compel the termination of the trust.
In the instant case the trust created by the third paragraph of testator's will is an active continuing trust with a material purpose yet to be accomplished, and the beneficiaries cannot by agreement compel its termination. The wishes of the settlor in creating the trust are paramount to the wishes of the beneficiaries. The Court of Chancery will not terminate a trust where the effect of the decree is to terminate an active trust in which all the objects and purposes of the trust have not been accomplished, and where no obstacle exists to prevent the continuance of the trust. Martin v. Martin, 106 N.J. Eq. 258;150 Atl. Rep. 338. The purposes for which the trust was created have not become impossible of accomplishment and no circumstances are present whereby the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust.
The defendant Fidelity Union Trust Company, the trustee in the will named, resists and stands ready and able to execute the trust.
The agreement annexed to the bill of complaint provides that after the payment of administration expenses, testator's estate "be distributed and paid, free of the trust provided in Paragraph Third" as follows: "(a) To the Hospital of Saint Barnabas and for Women and Children, Newark, New Jersey, one-third (1/3) thereof, to be used by it for the uses and purposes expressed in the Last Will and Testament of David Baer, deceased; (b) To Arthur Baer, one-third (1/3) thereof; (c) To Ted T. Baer, one-third (1/3) thereof." Under the provisions of testator's will, when complainants shall have died, the corpus of the trust is to be delivered to the Hospital "to be used and disposed of by said hospital by applying so much thereof as shall be necessary to furnish and endow a room in said hospital, to be used perpetually as a memorial to my late mother, Sophie Baer, and to apply the income from *Page 336 
the rest of said corpus for the upkeep and maintenance of said room." (Italics mine.)
The agreement entered into by the beneficiaries, if approved by decree of the court would have the effect of frustrating or circumventing the clear testamentary purpose of the testator that the entire corpus be eventually paid to the Hospital for the purpose mentioned in the will and thus bring about a result neither intended nor desired by the testator, and is against public policy. Dufford v. Nowakoski, 125 N.J. Eq. 262;4 Atl. Rep. 2d 314.
I will advise decree dismissing the bill of complaint.