The Chancellor.
The first branch of the injunction restrains the defendant from any further exercise of power as executor of or trustee under the will, and from collecting or receiving any money due to the estate of the testator. The charges in the bill under which the injunction in this respect was granted, are, that the will was- proved in April, eighteen hundred and thirty-five; that the defendant immediately possessed himself of nearly all the personal estate of the testator,- amounting by the appraisement to about twenty thousand dollars; that in eighteen hundred and. thirty-eight he failed and applied for the benefit of the insolvent laws, and' that in that year all his property, real and personal, was sold by the sheriff of Gloucester county; that in eighteen hundred and forty-two he applied for the benefit of the bankrupt law, and was discharged as a bankrupt; that he has not settled any account,, as- such executor, in the orphans’ court of the county of Gloucester, nor any account with his co-executors; that he' has in his hands funds of the estate to the amount, as the complainants believe, of fifteen thousand dollars;' and that debts against the estate, to the amount of several thousand dollars, remain unpaid. There is then a charge, in general language, that he has grossly abused *11 his trust as executor and trustee, not only by the commission of waste of the real estate and by squandering the persona] estate, hut by gross- mismanagement and the want of common prudence.
The answer states, that the defendant received but about five thousand dollars of the personal property appraised, except about two thousand one hundred dollars of trust funds held by the testator for other persons, which were appraised as part of the personal estate; admits Ids failure in eighteen hundred and thirty-eight, and the sale of his property by the sheriff in that year, and his discharge as a bankrupt in eighteen hundred and forty-two, and that he has not settled any account as executor, either in the orphans’ court or with his co-executors; but states that he is ready to settle his accounts, and that he had given notice some time before the filing of the complainants’ bill, of his intention to settle his accounts as executor in the orphans’ court of the county of Gloucester. The answer denies that he has funds of the estate in his hands to any amount, and states that the estate is indebted to him, for moneys advanced by him for the estate, over and above the assets received by him ; and denies that he has abused his trust, in the same general language used in the bill charging an abuse of trust.
It is within the jurisdiction of this court to restrain an executor or other trustee who abuses bis trust, from further inteifering with the estate. But a general charge of abuse of trust is not sufficient ground for the interposition of the court; facts showing such abuse should be made to appear.
That ten years have elapsed since the death of the testator, and that the executor has not -settled his account in the orphans’ court, is not sufficient.
Nor will the additional facts, that in the mean time the executor failed in his individual business, and that, three years before the bill filed, he was discharged as a bankrupt,, make a case for the interposition of the court by injunction.
In the case before us, the answer denies any abuse of trust. In reference, therefore, to so much of the injunction as restrains the defendant from -any further exercise of power as executor or trustee under the said will, and from collecting or receiving any money due to the estate of the (estator, it-will not he retained.
*12 The special object of the injunction, no doubt, was to restrain the defendant from cutting .timber on the lands of the estate, or causing it to be cut.
He admits in his answer, that he had advertised for sale the timber on two hundred and fifty acres of the-Abbot tract, and states, that there is a balance now due for taxes oh the lands in this state, of sixty-five dollars, • and that there are taxes now due on the lands in Pennsylvania, amounting to twelve hundred dollars; and that the proceeds of the sale of the two hundred and fifty acres of timber, will not be more than sufficient to pay the taxes now due; and that it is his intention to appro-priate the proceeds of such sale, to the payment of the taxes against the estate of the testator.
In reference to this tract, I am at a loss to understand from the bill and answer how the defendant claims to exercise any power or authority in respect to it. We are told by both bill and answer, that the testator held this tract in trust for his chib dren; and neither the bill nor the answer shows that this trust devolved on the defendant. The testator was sole trustee of this Abbot tract, for the use of his children. He made a will, by which, after giving particular parts of his real estate to his children respectively, he directs his executors to sell some of his lands, expressly excepting the Abbot tract from the power to sell, and then devises all the residue of his estate, real and pergonal, to' his children, of whom the defendant is one.
We are under no necessity ip this case of examining the question, whether general words in a devise will pass a trust estate, i, e. the estate of the trustee. [The words “trust estate” seem to be used with some confusion in the books, sometimes to ex^. press the estate of the trustee, and sometimes that of the cestui que trust.]
The rule formerly was, as it seems, that general words would not pass a trust estate, unless there appeared to be an intention that it should pass. This was said to be the rule, by Lord Rosslyn, in 1800; though he said that perhaps the reverse would have been the more convenient rule, as it might be easier. to find a devisee than an heir. In a subsequent case, the Master of the Rolls held, that a trust estate would pass by a general de- ■ yjse, unless an intention to the contrary could be inferred from the *13 words of the will, or objects of the testator; and Lord Eldon said he did not feel strong enough, upon authority or reasoning, to dissent from the decision of the master. But in the case in hand, quacunque via data, the result is the same. If the legal estate of the testator as trustee for his children, passed by the devise, then the legal and equitable estates became united in the children. If the legal estate did not pass by the devise, it descended to his heirs-at-law, his children, the cestuis que trust, In either case, the legal and equitable estates are united in the same persons, and the equitable estate merged in the legal estate.
The Abbot tract, then, on the death of the testator, vested in his children as their own property : it was not subject to his debts.
The interest of Ralph V. M. Cooper in this tract passed to his assignee on his discharge as an insolvent, if he was so discharged ; if not, it passed to his assignee in bankruptcy. He has, therefore, now no interest in ibis Abbot tract in bis own right, nor any power in reference to it, or the timber on it, as an executor of the said will.
There seems to have been some misapprehension in the solicitor who drew the bill, as to the provisions of the will in respect to .the Abbot tract. The bill states, that the executors of the said will have power to sell timber from said tract from time to time, for the payment of taxes, and that under pretence of power under the said will, the said Ralph had advertised the timber on two hundred and fifty acres of the said Abbot tract, which sale is not necessary for the payment of taxes. But the will contains no such power.
If, as is before shown, the defendant Ralph has no interest in this Abbot tract, nor any power or authority in respect to it, as executor, it may be said that the threatened cutting would be a mere trespass, and that tins court should not interfere. This might have made some difficulty as to the granting the injunction, if the case had been presented in this light by the bill. But it is evident that both parties have been under a misapprehension as to the position in which the executors stood in reference to this tract; and inasmuch as the executor supposes, and insists by his answer, that he has a right to cut timber *14 from this tract, to pay the taxes on lands in Pennsylvania, and on lands of the testator in this state, and on that ground moves to dissolve the injunction; the court must deny the motion. In reference to the Abbot tract, therefore, the injunction is retained.
As to the twenty-five acres: the answer admits that the defendant advertised for sale the timber -on twenty-five acres in the county of Camden, as charged in the bill; but says that the timber so advertised is his own property, and does not belong to the estate of the testator; and there is no charge or statement in the bill, that this twenty-five aeres does belong to the estate.. As to =this -.tract, therefore, the injunction must be dissolved.
■Order accordingly."