Bolles *v.* State Trust Co.

---

### Bolles *vs.* State Trust Company.

1. When an estate in lands becomes vested in husband and wife, during coverture, the husband is entitled to the exclusive use and possession during their joint lives; during this period the wife has no interest in or control over the property, and the husband alone may make a valid lease or other transfer of the right of possession.

2. When an equitable and a legal estate unite in the same person, the equitable sinks or merges into the legal, provided the legal estate is as extensive as the equitable.

3. Where there is a devise to trustees, one of whom is to take a beneficial interest in the trust property, he takes a legal estate to the extent of such interest; and that interest may be seized and sold under execution.

4. Such estate, where a power of sale is given by the will to the trustees, to be exercised in their discretion, is held subject to such power.

---

On demurrer to bill for want of equity. Enoch Bolles, by will, gave to his son Enoch and his son's wife, Phebe, the use and full enjoyment of the one-half part of his estate, real and personal, during their joint lives, for their support, and the support, maintenance and education of their children. Power of sale is given to the executors, of whom Enoch is one, which they are to exercise whenever, in their judgment, it

may seem for the best interest of the estate to sell, and for the purpose of making sale they are invested with the fee. The proceeds of sale are to be invested in other real estate, or in safe securities, for the benefit of those to whom the testator directed it should finally be distributed. On the termination of the life interest given to Enoch and his wife, the *corpus* of the gift is to go to the testator's grandchildren, or their heirs-at-law, in such shares and proportions as Enoch shall direct by will. Judgments have been recovered against Enoch and his son John, and their interests in the testator's real estate have been seized under execution, and advertised for sale. The bill seeks to have the sale perpetually enjoined.

*Mr. Wm. S. Whitehead,* for demurrant.

*Mr. J. H. Ackerman,* for complainants.

THE VICE-CHANCELLOR.

The proposition upon which the complainants' case rests is, that Enoch has no legal estate, in his own right, in the lands devised, and if a sale is made under the judgments against him, it will cloud the title and seriously embarrass the executors in making sale of the lands.

If Enoch has a legal estate, in his own right, it is obvious the complainants have no case, for whatever his legal estate is, whether for life or a less period, his creditors have an unquestionable right to have it appropriated, according to the forms of law, to the payment of his debts, and such appropriation will not be an obscuration of title, but the making of a valid title by judicial sale.

When an estate in lands becomes vested in husband and wife, during coverture, the husband is entitled to the exclusive use and possession during their joint lives; during this period the wife has no interest in or control over the property, and the husband alone may make a valid lease or other transfer of the right of possession. *Washburn* v. *Burns,* 5 *Vroom* 19; *Wyckoff* v. *Gardner, Spencer* 556. This rule

flows necessarily from the unity of person of husband and wife.

Has Enoch a legal estate in his own right? It cannot be disputed there is a clear devise of a life estate to him and his wife, for their support, and for the support and education of their children. It may be he is trustee for his children, but he cannot be trustee for himself. He is one of the beneficiaries of the trust, and also trustee, and therefore, to the extent of his personal interest in the trust property, both the equitable and legal estates are vested in the same person. This union works a merger of the equitable estate. Where the equitable and legal estates unite in the same person, the equitable sinks or merges into the legal, provided the legal estate is as extensive as the equitable. *Wills* v. *Cooper*, 1 *Dutcher* 137. Where there is a devise to trustees, one of whom is to take a beneficial interest in the trust property, he takes a legal estate to the extent of such interest. *Mason* v. *Mason's Ex'rs*, 2 *Sandf. Ch.* 433. The application of this well-established principle to the case in hand, demonstrates clearly, I think, that Enoch has a legal estate, in his own right, in the lands devised, which may be seized and sold under execution. He holds it, unquestionably, subject to the power of sale conferred upon the executors, but until that is exercised he has an estate, in his own right, on which his deed or devise would operate. *Elle* v. *Young*, 4 *Zab.* 783; *Sharp* v. *Humphrey*, 1 *Harr.* 26; *Micheau* v. *Crawford*, 3 *Halst.* 102.

The complainants' case rests upon this fundamental error, that a man may be trustee for himself, and that it is the duty of a court of equity to prevent his creditors from seizing his individual interest in the property vested in him as trustee for the benefit of himself and others.

By agreement of counsel, the question raised by the demurrer has been considered as though the will had been set out at length in the bill.