(No. 19451.

ALBERT J. STEVENS *et al.* Appellants, *vs.* ALBERT J. FELMAN, Appellee.

*Opinion filed February 21, 1930.*

392

John H. Savage, and James G. Holbrook, for appellants.

Ringer, Wilhartz & Hirsch, (Samuel E. Hirsch, and William Ruger, of counsel,) for appellee.

Mr. Commissioner Edmunds reported this opinion:

Appellants, Albert J. Stevens, and Mabel Frances Stevens, his wife, filed their bill against Albert J. Felman, appellee, praying specific performance of a written memo-

randum for the sale of certain real estate. Appellee demurred to the bill. From a decree sustaining the demurrer and dismissing the bill for want of equity the Stevens' have appealed.

The bill alleged that on July 31, 1928, appellants were seized of the following real estate: "The west twenty-one (21) feet and three (3) inches lying west of and adjoining the east twenty-two (22) feet of lot four (4), in block twenty-one (21), in the original town of Joliet, Will county, Illinois, subject to certain easements;" that appellee agreed to buy said premises for $42,500 upon delivery of a warranty deed, together with good and merchantable title; that $500 was paid as earnest money; that appellants agreed to furnish an abstract of title, which was done; that appellee returned the abstract with the sole objection that Albert J. Stevens did not acquire a merchantable title to the premises as devisee under Albert P. Stevens' will or as heir-at-law of Blanche M. Stevens; that Albert P., father of Albert J., was the owner in fee of the premises; that he disposed of the same by will, which came into force at his death, on February 24, 1921; that he died a widower, leaving Blanche M. and Albert J. as his only heirs-at-law; that the will was duly probated in Will county and is still in effect; that the estate of Albert P. was closed on May 17, 1923; that Blanche M. never married and died intestate, without issue, on June 26, 1926, leaving Albert J. as her only heir-at-law; that her estate was probated in Will county and closed July 26, 1927; that the will of Albert P. incorrectly described the real estate in question by omitting the lot number and devised it to Blanche M. in trust, but that the property described in the bill was the only property owned by Albert P. in block 21; that appellants, by reason of the aforesaid, became seized of the premises in fee simple and are ready to convey a good and merchantable title; that the premises, at the death of Albert P., were improved by a two-story store, which was

burned down December 9, 1927, leaving the premises vacant; that James Harris, named in the will of Albert P., died two years prior to the filing of the bill; that he was fully supported during his life and his funeral expenses paid; that no child was ever born to Albert J.; that appellants made tender of a good and sufficient deed and have been at all times and are ready and willing to perform their part of the contract. Attached to the bill and incorporated therein as exhibits are copies of the contract of which performance is sought and of the will of Albert P.

Paragraph 1 of the will in question provided for payment of debts and funeral expenses. Paragraph 2 devised in trust to Blanche M. Stevens the "west half (w. ½) of the east forty-four (44) feet, except the west nine (9) inches thereof, in block twenty-one (21), old town of Joliet, in the city of Joliet, county of Will and State of Illinois." Paragraph 3 was as follows: "I direct that said described estate shall not be sold but shall be retained and managed by said Blanche M. Stevens, trustee, or by her successor, as trustee, during the life of my children, said Blanche M. Stevens and Albert J. Stevens and the survivor of them, the net income therefrom to be divided monthly between my children. The last direct heir to own the same, in fee simple, to do with as he or she may wish, except in the event of the death of either of my said children, leaving a child or children surviving, the share of the one so dying shall go to the said child or children." Paragraph 4 devised all the residue of testator's property, real and personal, to Albert J. and Blanche M., share and share alike, in fee. Paragraph 5 directed that as soon after testator's death as practicable all of his property, not including that before described, be sold, provided it could be done at an adequate price, and that the proceeds of such sale be divided equally between his children. Paragraph 6 provided that none of said property should be sold without the mutual consent of the children, nor should parti-

tion proceedings be commenced by any child without the consent of the other. Paragraph 7 provided that in the event of sale of property under paragraph 4 the purchase price should be invested by Blanche M., appointed trustee for that purpose, and who should divide the net income between herself and testator's son, share and share alike. Paragraph 8 directed that in the event of any portion remaining unsold, the net income therefrom should be divided by the daughter, appointed trustee for that purpose, between herself and testator's son, share and share alike. Paragraph 9 provided that in the event of dissatisfaction by the testator's son with the daughter's management of the estate, if there were just cause for complaint, there should be no court proceedings but all questions in dispute should be referred to arbitration, one arbitrator to be selected by each child, and in the event of disagreement by the two they to select a third, the decision of two of the three to be binding. Paragraph 10 provided that in the event either child refused to be bound by the provision of paragraph 9, before commencing court proceedings such child should put up a bond to indemnify the other against all costs, including attorney fees. Paragraph 11 directed that James Harris, testator's brother-in-law, should be kept so long as he lived near, Blanche M. to pay for his support out of the income from the estate aforesaid and upon his death to pay his funeral expenses. Paragraph 12 nominated Blanche M. executrix of the will and requested that she act without bond.

As pointed out in the bill, paragraph 2 of the will did not fully describe the property in question because the lot number of the block was omitted. It is suggested that there is no warrant for going beyond the strict wording of paragraph 2 and taking into consideration that the testator owned the described portion of lot 4 in block 21 and that such property in lot 4 was the only property owned by him in block 21. A number of authorities are cited

in connection with this suggestion. No words can be added to or taken from a will which change the plain meaning of the testator as expressed therein. (*Fuller* v. *Fuller,* 315 Ill. 214.) On the other hand, the rule has been laid down that parol evidence may be received when necessary to identify the subjects and objects of the testator's bounty, and all the circumstances surrounding the testator and the state and description of his property may be shown for the purpose of applying the language used to the conditions existing, and however many errors there may be in the description, either of a devisee or the subject of a devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended when considered from the position of the testator. (*Collins* v. *Capps,* 235 Ill. 560.) It has also been held that where the subject of a devise is described by quantity it may be identified by extrinsic proof. (*Graves* v. *Rose,* 246 Ill. 76; *Alford* v. *Bennett,* 279 id. 375; *Stevenson* v. *Stevenson,* 285 id. 486.) The only mistake involved here was one of omission of a detail of description, and, taking into account the fact that testator owned land in block 21 in the quantity described and that the land in lot 4 thus owned was the only land he did own in that block, we would not be warranted, under the above authorities, in holding that paragraph 2 of the will does not cover the property in question.

The real problem presented by the case is whether an indefeasible title in fee to the property in question is vested in Albert J. Stevens. Appellee contends that Albert J. has only a life estate, or, at best, a base or determinable fee, subject to the contingency of his death leaving him surviving a child or children, in which event the fee would go over to such child or children. Appellants contend that under a proper construction of the will of Albert P., upon the death of Blanche M. Albert J. became vested with the fee and is in position to convey indefeasible title thereto.

Paragraph 2 of the will devised the property in question to Blanche M. Stevens as trustee but by its terms gave her no express estate. Under such circumstances a trustee takes such an estate as the purposes of the trust require, and if a fee is necessary to accomplish the purposes of the trust he takes a fee. (*Nixon* v. *Nixon,* 268 Ill. 524.) Therefore, Blanche M. may be held to have taken as trustee either a life estate or a fee, depending upon the requirements of the trust created. In this connection it is necessary to refer to paragraph 3 of the will. One possible construction of the first sentence of this paragraph is that the testator intended to set up a trust which should last only until the death of one of his two children, this conclusion arising from the provision requiring "the net income therefrom to be divided monthly between my children." This provision could have no effect unless both children were living. On the other hand, this view would not take into account the portions of the paragraph which refer to Blanche M.'s "successor" and "the survivor of them." These could have no effect unless the trust were held to last through the lives of both of the testator's children, and a construction placing emphasis upon such provisions would lead to the conclusion that the trust created was for the lives of both. So far as the duties of the trustee are concerned, they are limited to the lives of Blanche M. and Albert J. Stevens and the survivor of them.

In the last analysis it is unnecessary to determine whether Blanche M. Stevens took a life estate or a fee, because the same result is reached under either hypothesis. If she took only an estate for life or *pur autre vie,* the remainder either went to herself and Albert J. Stevens under paragraph 4 of the will, or it descended to them as intestate estate. On her death intestate any title held by her in trust, together with her interest in the remainder, descended to her heir, who was Albert J. (*Lawrence* v. *Lawrence,* 181 Ill. 248.) Her equitable estate was termi-

nated. All remaining estates were thereupon merged in Albert J., who became seized of a full legal estate in fee. (*Cunningham* v. *Bright,* 228 Mass. 385, 117 N. E. 909; *Woodward* v. *James,* 115 N. Y. 346, 22 N. E. 150; *Swisher* v. *Swisher,* 157 Iowa, 55, 137 N. W. 1076; *Cooper* v. *Cooper,* 5 N. J. Eq. 9.) If, on the other hand, it be held that Blanche M. took as trustee an estate in fee upon her death such title descended to Albert J., her equitable estate was terminated and all estates were in like manner merged in Albert J.

Granting that, so far as the first sentence of paragraph 3 is concerned, Albert J. Stevens should be held to be seized in fee of the property in question, the effect of the second sentence remains to be considered. What is meant by "the last direct heir to own the same, in fee simple, to do with as he or she may wish, except in the event of the death of either of my said children, leaving a child or children surviving, the share of the one so dying shall go to the said child or children?" In considering this portion of the will there must be kept in mind the principle that the law favors the vesting of estates, and in cases where the instrument is susceptible of two constructions the law inclines to favor the construction most favorable to the devisee or grantee rather than the construction which would be against his interest. (*Mettler* v. *Warner,* 243 Ill. 600.) In the light of this principle we cannot accede to the suggestion of appellee that the fee of Albert J. is by this second sentence cut down and subject to be determined if he should at any time die leaving a child or children. While the word "heir" is a technical word with a fixed legal meaning, it is frequently used not according to its technical meaning but in a more popular sense, and its signification then is to be taken according to the intention. So used, it may be taken to mean children. (*Potter* v. *Potter,* 306 Ill. 37; *Andrews* v. *Applegate,* 223 id. 535.) The context is such that the evident intention of

the testator was to so use it here, and by "the last direct heir to own the same" he meant whichever of his children survived. To give effect to the words "to do with as he or she may wish," requires that the final status of the estate be fully determined as of the date that it vested in such survivor. Under a construction holding that there was a possible devise over after the date that Albert J. took the fee, the effect of these emphatic words would be nullified. If Blanche M. had left her surviving a child or children, manifestly Albert J. would not now be vested with complete interest in the property, but she having died without child or children her surviving, the testator's intention is carried out only by holding that an indefeasible title in fee is now in Albert J.

Reference to the remaining paragraphs of the will supports the construction thus given. Paragraph 4 is a residuary clause, devising all the residue to testator's two children, share and share alike. Counsel for appellee aptly characterize the succeeding paragraphs as indicating "an unenforceable and visionary intention to control the actions of Blanche and Albert respecting this residue so devised to them in fee," but the inartistic manner in which the entire instrument was written up is amply evidenced by these paragraphs. Nowhere in them is any provision made for management or control after the death of one of the testator's children, nor is there any indication that he took thought or heed for events beyond their own lives.

The decree of the circuit court of Will county is reversed and the cause remanded, with directions to overrule the demurrer to the bill therein filed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*