Fidelity Union Trust Company, as trustee, complainant-appellant,

*v.*

George Mintz, defendant-respondent.

[Submitted October term, 1938.   Decided February 6th, 1939.]

*Messrs. Hood, Lafferty & Campbell (Mr. Wallace R. Chandler, Jr.,* of counsel), for the appellant.

*Mr. Abraham I. Mayer,* for the respondent.

The opinion of the court was delivered by

Hetfield, J.

The bill of complaint in this case was filed by the appellant to compel the specific performance of an agreement between itself, as vendor, and the respondent, as vendee, for the sale and conveyance of certain real property.   The answer filed alleged, in substance, that the complainant, as trustee, was unable to convey a good and marketable title to the premises,

and by way of counter-claim prayed that the deposit made by the defendant be returned and the expenses incurred for an examination of the title be paid.

The facts, which are not disputed, having been submitted to the court below on stipulation, show that the appellant, as trustee, held a mortgage on the premises involved, situated in the city of Newark; and had issued participation certificates in said mortgage to several persons to the amount of $21,500, representing the total sum due thereon as principal. The mortgage was subsequently foreclosed by reason of default, all of the certificate holders being joined as parties complainant with the appellant, as trustee. The property was purchased at the foreclosure sale, by the appellant in its name as trustee, and the sheriff executed and delivered a deed accordingly. The contract of purchase and sale was then entered into by the parties, and a deed was tendered pursuant to its terms. The respondent declined to perform, on the ground that the appellant, as trustee, was unable to convey a good and marketable title without first obtaining the consent of its *cestuis que trust* to said conveyance.

The vice-chancellor advised a decree dismissing the complaint and ordering the return of the deposit and payment of defendant's costs of examining title, and in his conclusions stated, in part: "In this suit for specific performance, I cannot assume, as a basis for a decree for complainant, that it was authorized by the trust agreement to bid in the land. The question of complainant's power to buy in at foreclosure sale is not directly presented—all the certificate holders joined as complainants in the foreclosure suit. But if the power is not expressed or implied in the trust agreement, it would seem logically to follow that complainant now holds not under the express trust, but under a resulting trust. And a fiduciary of a resulting trust cannot give good title except to the beneficiaries."

We are unable to agree with the findings of the court of chancery. The terms of the trust, as set forth in the participation certificates, contained among other things, the following provisions:

"2. The Company hereby is appointed irrevocably the agent and attorney of all owners and holders of said certificates for the purpose: (a) of collecting the interest and principal of said bond and mortgage, and of satisfying and discharging the same in its own name on receiving full payments; (b) of deciding when and how any provision of said bond and mortgage shall be enforced, and of enforcing it accordingly; (c) of agreeing to any extension of the time of payment of said bond and mortgage, without notice to the holder hereof.

\* \* \* \* \* \* \*

"4. Whenever the principal of said bond and mortgage shall be collected in full, the Company will give notice to the last registered holder of this Certificate, mailed to his registered address, of the receipt thereof and will pay over the same to the registered holders òf all of said certificates ratably on presentation and surrender of such certificates at the principal office of the Company in Newark, New Jersey."

The only question involved in the present case is whether the title which the complaint offers is a marketable one and such as will enable the respondent not only to hold the land in peace, but also to sell it with reasonable certainty that no flaw or doubt will disturb its marketability. Under the terms of the said trust it was clearly the duty of the trustee (1) to collect the principal and interest of the bond and mortgage; (2) decide when and how any provision of the bond and mortgage should be enforced and to enforce it accordingly; (3) whenever the principal of the bond and mortgage was collected, to pay over same to the registered certificate holders ratably on presentation and surrender of the certificates. In view of the express direction of the language of the trust, and from its nature, it is apparent that the trustee was charged with the performance of active and substantial duties with respect to the control and collection of the bond and mortgage and the distribution of the proceeds received therefrom, and consequently, the trust cannot be construed as a resulting one, but is clearly active. A resulting or passive trust is one where there is the mere holding of the title for the benefit of another and which does not impose upon the trustee any duty or responsibility as to the management, control or disposition of the property, except to convey the legal title to the *cestui que trust,* or at his direction; while an active trust is one which imposes upon the trustee the duty of taking active

measures in the execution of the trust, and maintains the legal estate in the trustee to enable him to perform the duties devolved on him by the terms of the trust, and gives the *cestui* only an equitable right to enforce performance, whereas in a passive trust the *cestui* controls the property. A trustee must conform to the provisions of the trust in their true spirit, intent and meaning, and not merely in their letter; and it was obviously the duty of this appellant to collect the principal represented by the bond and mortgage, and to take such action as might be necessary for that purpose. The foreclosure proceedings, purchase of the property at the sale, and the re-sale of same were steps necessary to be taken by the trustee to carry out the duty of collecting the principal, as it had engaged to do under the terms of the trust. Where a trust does not expressly give the power of sale, it will be implied from the fact that the trustee is charged with a duty which cannot be performed without the power of sale, and in the present case, the trustee would be unable to carry out the terms of the trust without such right.

The appellant also contends, that in addition to the power conferred by the trust agreement, there is also statutory authority given a fiduciary to sell lands acquired upon foreclosure of a mortgage held by him. *R. S. 1937, 3:20-3, 3:20-4.* The vice-chancellor concluded that the statute did not apply to the instant case. We think it does, but that it is not necessary to further consider the statute on this appeal, as there was ample authority contained in the trust agreement to confer upon the trustee the power of sale.

We conclude that the appellant had the power to convey a marketable title to the property in question and therefore, the decree under review will be reversed.

*For affirmance*—PERSKIE, WOLFSKEIL, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, RAFFERTY, WALKER, JJ. 13.