6 N.J. Super. 598 (1950)
70 A.2d 799
META B. MORRISON, PLAINTIFF,
v.
ALBERT REED, INDIVIDUALLY AND AS TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ARNOLD G. BEHN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 5, 1950.
*600 Messrs. Riker, Emery & Danzig, by Mr. Charles W. Kappes, Jr., for plaintiff.
Mr. Jerome J. Sonnabend, for trustees.
Mr. William Ryan, for defendants Alfred Reed, and Eleanor L. Williams, individually.
STANTON, J.S.C.
Plaintiff is one of the beneficiaries named in the will of Arnold G. Behn who died on January 19, 1944. She receives one-thirtieth of the income of the residuary estate and is entitled to receive a like share of the corpus upon its liquidation in the two-year period which will commence eighteen years after testator's death. She asks the court to construe the will and declare whether her interest in the income and her interest in the corpus are vested and whether they have merged; whether she is presently entitled to the outright possession of her interest in the estate excepting her residuary interest in the Catherine Mayer Trust; and if so that the trustees be directed to liquidate the estate and distribute it to her and the other similarly situated beneficiaries. There are ten such persons, nine of whom have each a one-thirtieth interest and the other Eleanor L. Williams, one of the trustees, has a two-thirds interest. Alfred Reed, one of the three trustees, has a one-thirtieth interest. All of the above, as well as the other trustee, William B. Taffett are defendants. The trustees, as such, resist plaintiff's application and seek the forfeiture of her interest under a no-contest clause in the will. Miss Williams and Mr. Reed, as individuals, have answered that the complaint does not allege *601 any cause of action against them. Decrees pro confesso were entered against the other defendants under the old practice. Later Mrs. Mayer was added as a party defendant because of her interest in the Catherine Mayer Trust and a default has been entered against her.
Plaintiff, now receiving income, seeks the acceleration of the payment of corpus. The will directs the payment of the latter not sooner than January, 1962, nor later than January, 1964. Plaintiff argues as follows: "The estate having been completely administered by the executors, the trustees merely hold the assets for the purpose of paying the income until the time for distribution indicated by the testator, and then pay the corpus to the same individuals. There is no preceding life estate in third persons; there is no gift over; there is no discretion in the trustees as to manner, time, or amount of payment of income"  the trust should be terminated on the authority of Newlin v. Girard Trust Co., 116 N.J. Eq. 498; Ampere Bank and Trust Co. v. Esterly, 139 N.J. Eq. 33, and Camden Safe Deposit and Trust Co. v. Guerin, 89 N.J. Eq. 556. This argument stems from the rule that a sole trustee who is also the sole beneficiary holds the property free from the trust.
It will be noted that in the Newlin case all the life tenants sought the termination of the trust and the immediate distribution of the corpus to them. With this in mind Vice-Chancellor Backes said: "The entire beneficial interest in the estate being in the four children, and as no one else, now, or in the future, has, or can have, any interest in it, and all being sui juris, they may bring the trust to a close." In this case testatrix gave the income to her husband for life, then to her children for life and upon their death directed the trustee to pay their shares of the corpus to their executors or administrators. The Court held that the legal effect of this was a gift of the corpus to the children of testatrix, observing that the children "were the object of their mother's solicitude; their issue were not within her contemplation."
In Camden Safe Deposit & Trust Co. v. Guerin (supra), the gift over of the corpus was held invalid and testator died *602 intestate as to it. And it so happened that the persons entitled to the income for life received the corpus, by inheritance, in the same ratio. The Court, finding that there was no active trust, held that the owners of the corpus were entitled to its possession. The Court said at page 561: "It is not so much a question of merger as of the partial termination of a trust by operation of law."
In the case before us the language of testator, delaying the distribution of the corpus, is plain. It is to ignore reality and to distort unmistakable language to contend that when testator provided that plaintiff should receive annually one thirtieth of the income of his estate and some time between January, 1962, and January, 1964, in the discretion of the trustees, a like share of the corpus, he intended, in legal effect, an outright and immediate bequest of the corpus. A competent person may, by will, make any disposition of his property that pleases him provided it is not contrary to law or public policy. While it may not be necessary to consider testator's reasons for delay in paying over the corpus, his will suggests several. For one thing he desired to favor his faithful employee George Jackson and gave him a five-year option to purchase testator's business on liberal terms, one of which was the spreading of the payment of the consideration, by unsecured notes, over a fifteen-year period. It so happened that Mr. Jackson exercised his option in 1945 and the trustees hold his notes, at this time, for $43,435.91; the last note being due and payable in April, 1960. It is a matter of common knowledge that such notes are not readily marketable and if liquidation were necessary they would probably bring less than their face value. Nor do they lend themselves to distribution in kind. And above this it was probably the intention that these notes remain in friendly hands, that is to say, in the trustees.
In my opinion it is unmistakably clear that testator intended that the distribution of corpus should be delayed until at least 1962. And it was his unquestionable right to do so.
*603 Plaintiff contends the trust is not an active one. This is not so. The trustees are charged with many duties that require the use of their discretion. Fidelity Union Trust Co. v. Mintz, 125 N.J. Eq. 52.
In the matter of terminating a trust the intention of the testator or settlor is paramount to the wish of the beneficiary. In this connection it is interesting to note the following statement by Chief Justice Vanderbilt in Mesce v. Gradone, 1 N.J. 159:
"The complainant relies on a group of English cases and early New Jersey cases which follow their reasoning. The English authorities are of no force here because of our fundamentally divergent view of the power of the settlor and the beneficiaries of a trust over the trust res. In England the beneficiaries of the trust may by united action terminate the trust, notwithstanding the fact that to do so may nullify the intention of the settlor, 3 Scott on Trusts, § 337. In this State it is the intention of the settlor of the trust that governs and not the desires of the beneficiaries, Restatement, Trusts, §§ 337, 341 and the New Jersey cases cited supra. Cooper v. Cooper, 5 N.J. Eq. 9 (Ch. 1845), cites no authority for Chancellor Halstead's statement that there was a merger of the legal and equitable estates; the case has never thereafter been cited with approval. In Wills v. Cooper, 25 N.J.L. 137 (Sup. Ct. 1855), the court, relying largely on English cases and on authorities that cite English cases, applied the doctrine of merger to reach the entire estate of the debtor. Bolles v. State Trust Company, 27 N.J. Eq. 308 (Ch. 1876), follows the Wills case; the holding was not necessary to protect the creditors for they could have obtained equitable execution. Bullis v. Pitman, 90 N.J. Eq. 88 (Ch. 1918), which held that no trust was created because no person can be trustee and beneficiary at the same time, relies on Lewin on Trusts, an English work, stating the English law, which is unconcerned with the settlor's intention, and Perry on Trusts, § 13, which dealt mainly with the case of a sole trustee and sole beneficiary and cited the Bolles case as authority for partial merger. Hopping v. Gray, 82 N.J. Eq. 502 (Ch. 1913), has no application to the case at bar for the reason that the judgment debtor whose interest was seized and sold was not a trustee. To the extent that these cases are based on the English view of the law of trusts they are out of harmony with the current of American decisions and the sound body of law which has been set forth in the later decisions in this State, the rationale of which forms the basis of this opinion."
I will now dispose of the various issues as presented in the pretrial order. The first five concern the Catherine *604 Mayer Trust. It was clearly not the intention of the testator to provide an annuity for her. The language of the will admits of only one construction. It provides for the setting up of a trust fund "containing real property, bonds and mortgages having a principal sum of $10,000 due and owing to me at the time of my decease." This the trustees have done. The will provides further that she shall receive the income of the fund periodically until the termination of the trust on her death or on the twentieth anniversary of testator's death, whichever occurs sooner. If terminated by her death, the fund falls into the residue. If she survives the testator for twenty years she is to receive $5,000 from the fund and the balance thereof goes into the residuary estate. This fund having been set up as directed by the testator there is nothing in the will that requires that the other assets of the estate be used to maintain the fund at a valuation of $10,000 or to insure the payment of income or the principal sum of $5,000 to Mrs. Mayer if she survives for the requisite period of time. This fund must now stand on its own feet and no further recourse may be had to the other assets of the estate. There is nothing in In re Estate of Bumstead, 1 N.J. 386, that warrants holding otherwise. There the assets were insufficient to pay the legacies and set up four designated trusts for the full amount directed by the will. The life interest in two of the trusts having terminated, the question presented was whether the remainder in each should be used to supplement the other trusts or fall into the residue. It was decided that the former course should be followed. As stated above the Mayer Trust has been constituted as directed by the will.
The next issue is whether the bequests and devises to plaintiff and the other beneficiaries, similarly situated, in the income and corpus of the estate, exclusive of Mrs. Mayer's interest, are vested. In my opinion they are. Camden Trust Company v. Wolfe, 131 N.J. Eq. 437.
The next five issues have been determined by the conclusion that there has been no merger and that the payment of the corpus should not be accelerated.
The final issue is whether plaintiff, by bringing this *605 action, has forfeited her rights as a beneficiary pursuant to paragraph twenty-second of the will, which is as follows:
"I do further direct that in the event that any beneficiary, devisee or legatee under this, my last will and testament, shall file any caveat against this, my last will and testament, or in the event any person or persons shall dispute and/or attack by legal proceedings any of the terms, provisions or appointments made in this, my last will and testament, then and in either of the above events, the gift, devise, bequest or other benefit, duty, charge or appointment enuring to such person or persons under the terms of this, my last will and testament, shall be revoked."
No caveat has been filed. Can it be said that, by this proceeding, plaintiff disputed or attacked any of the terms, provisions or appointments made in the will? Such clauses are to be construed strictly against a forfeiture and reasonably in favor of a beneficiary. Girard Trust Co. v. Schmitz, 129 N.J. Eq. 444. Here plaintiff is merely attempting to get what she believes testator by his will intended for her. She does not seek to have the will or part of it declared invalid nor to dispute or attack any of its terms, provisions or appointments. She does dispute the interpretation that the trustees have placed upon some of the terms and provisions, but such action is not proscribed by the will. She asks the Court to construe those provisions which she and the trustees interpret differently. It is my conclusion that plaintiff has not forfeited her rights under the will. Page on Wills, Lifetime Edition, § 1306; Marx v. Rice, 142 N.J. Eq. 315; affirmed, 1 N.J. 574.