(No. 4365-)

BUILDICE COMPANY, INC., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*

BLUM AND SANG, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER AND HARRY K. O'MELIA, Assistant Attorneys General, for Respondent.

SCHUMAN, C. J.

The claimant, Buildice Company, Inc., a Corporation, filed its claim in this Court seeking to recover damages for unreasonable delay by the State in per-

mitting it to commence work under a contract dated October 17, 1946.

The contract was to install a refrigeration system in the Kankakee State Hospital, Kankakee, Illinois, at a total cost of $19,340.00. It is conceded claimant was to complete the work in 300 calendar days, but could not commence work until April 15, 1950, and, by reason thereof, sustained damages over and above the contract price in the amount of $5,984.00, as listed in exhibit "B" attached to claimant's complaint.

The contract specifically provided under Article IV that the General Conditions of the contract, the specifications, etc., formed the contract. Under the General Conditions of the contract, Article 25, it is provided:

"The making and acceptance of the final payment shall constitute a waiver of all claims by the owner, otherwise than under Article 15 of these conditions or under requirements of the specifications, *and of all claims by the contractor*, except those previously made and still unsettled. (Emphasis Supplied.)"

In the case of *Herlihy Mid-Continent Company* vs. *Sanitary District*, 390 Ill. 160, the Court, on page 166, said:

"In construing a contract, the primary object is to ascertain the intention of the parties. (*Decatur Lumber and Mfg. Co.* vs. *Crail*, 350 Ill. 319.) That intention must be determined from the language in the contract. If the intention may be ascertained from the wording of the contract, rules of construction have no application. (*Domeyer* vs. *O'Connell*, 364 Ill. 467.) No words can be added to or taken from a contract and thereby change the plain meaning of the parties as expressed therein. (*Stevens* vs. *Felman*, 338 Ill. 391.) Nor may the courts engage in surmises as to what the parties intended but which they failed to express."

The contract in this case is clear and explicit in stating that final payment bars all claims, and cannot be changed by any wording or construction outside of its own terms.

Claimant, in its brief, concedes that the cases cited by it of *Underground Construction Company* vs. *Sanitary*

*District,* 367 Ill. 360, and the *Herlihy Mid-Continent Co.* vs. *Sanitary District, supra,* denied recovery where the contract provided that no damages may be allowed from delays caused by defendant. The contract in the instant case is much broader in effect, when it provides that the acceptance of final payment waives all claims of the contractor. This Court has construed provisions relating to acceptance of final payments in a number of cases. *S. G. Cool Company* vs. *State,* 17 C.C.R. 138; *Urich* vs. *State,* 8 C.C.R. 212; *Midwest Construction Company* vs. *State,* 9 C.C.R. 443; *Henkel Construction Company* vs. *State,* 10 C.C.R. 538; *Strandberg and Son Co.* vs. *State,* 13 C.C.R. 49. All of the cases cited, while the language of the contract may vary, have held that the acceptance of final payment constituted a full release.

The contract in this case, as previously cited, stated that the making and acceptance of final payment constituted a waiver of all claims by the contractor. There is no dispute that a check in the amount of $4,340.00 was accepted as final payment, as shown by the exhibits in evidence in this case.

Respondent's exhibit No. 3-b discloses that claimant submitted the required guarantee form to receive its final payment of $4,340.00, and nowhere in the evidence, or in the exhibits, is it shown that claimant advanced any amount for damages due to delay.

The provision of the contract with reference to the acceptance of final payment waiving all claims is a binding provision on the parties, and a bar to the claim filed herein.

An award is denied, and the claim dismissed.