## MATILDA HUBER et al.

### *v.*

## THOMAS J. DONOGHUE et al.

1. Where lands are devised to trustees with directions to apply the rents and profits to the support of the testator's widow and children, and with the further direction to sell the same at the expiration of ten years after his death, and to divide the proceeds amongst his children and his widow, but in case of the remarriage of his widow, then to pay her a certain sum in cash in lieu of her equal interest, the legatees take a vested interest.

2. In such case the legatees may elect to take the lands in lieu of the proceeds of the sale, and filing their bill asking for a sale of the lands and the determination of the trust is such an election.

3. Being thus entitled, and all being *sui juris*, they may ask the aid of the court to declare the trust determined and for a sale of the lands before the expiration of the ten years.

On bill for the determination of a trust.

Mr. *Samuel Walker, Jr.*, and Mr. *Chauncy H. Beasley*, for the complainants.

Mr. *Robert S. Woodruff*, for the defendant.

BIRD, V. C.

The testator in express words gave all his real estate to his executors for the purposes named in his will. He thereafter directed that his executors put his wife in the possession of a certain house and lot and permit her to enjoy it for ten years after his death free of rent, provided she shall so long remain unmarried. At the expiration of five years from the time of his death he directed his executors to sell certain four houses and lots. He then ordered as follows : "At the expiration of ten years from my death, I direct my said executors to sell at public sale all the residue of my real estate to the highest bidder." He afterwards adds these words :

"I do direct that my said executors shall, out of the proceeds of the sales above mentioned, and the rents, issues and profits of such properties and investments shall be applied, so far as necessary, to the maintenance of my wife and unmarried children during the period of ten years next succeeding my death; and at the expiration of said ten years (after the sale last above mentioned) all the moneys or investments then remaining in the hands of my said executors shall be divided equally, share and share alike, between my wife and my children, who survive me."

He then provided that in case of the remarriage of his widow, then, instead of having an equal proportion of the proceeds of the said sale, his executors were to pay her $2,000 in cash.

The bill states that the children of the testator have all arrived at the age of twenty-one years, and that they and the widow are desirous of determining the trust committed to the executors as trustees, with a prayer that the real estate may be sold before the expiration of ten years as directed by the testator. The widow has not remarried. This fact would seem to render it impossible for the court to declare the trust terminated, since in case of her remarriage she would be entitled to $2,000 of the proceeds of the

sales of the real estate. But although the trust to the fullest extent intended by the testator may not be declared at an end, I cannot perceive that this should interfere so as to prevent the court giving such directions as will in other respects determine the trust, relieve the trustees of all further obligations in that behalf and transfer the interests of the legatees to them in the same manner as they would be entitled at the expiration of the ten years contemplated by the testator. This would not impair the relative rights of the children and the widow in case of her remarriage.

With the aid of the court, can an absolute title be transferred prior to the expiration of ten years? First, is the interest given to the parties who ask for the sale a vested interest? In other words, do their rights include the entire estate, subject only to the power given to the executors to sell? If there were any doubts whatever upon this point prior to the determination of the court of errors and appeals in the case of *Post* v. *Herbert*, *12 C. E. Gr. 541*, all such doubts were then removed in favor of the vesting of the absolute fee. In this case, as in that, the estate was given to the trustees for the period of ten years, not only for the benefit of the widow, but for the children also during that period. The vesting, therefore, waits upon no contingency.

If the interest be a present vested interest, which, by the direction of the will, is to be enjoyed in possession at and after the expiration of ten years, can the children, who will then be entitled to such possession, with the consent of the widow, enjoy such possession now, or, what is equivalent thereto, effectuate a sale and pass a valid title? This would seem to follow both from reason and the law, notwithstanding the express devise of the lands to the executors with power to sell the same after the expiration of ten years, and then to divide the proceeds. This rule rests upon the fact that in every such case the executors in reality are only clothed with a power of sale, and that the title is vested in them for no other purpose than that of conveying it. Consequently the executors have no interest. These facts bring the case within the principle that where lands are ordered to be

sold and the proceeds divided amongst certain persons—that is,. where there is no contingency as to who may be entitled, and those who have authority to sell, have no other duty to perform with respect to the lands or proceeds than to sell the lands and divide the proceeds amongst the persons named as legatees, the persons named as such legatees may unite and elect to take the land. *Morse* v. *Hackensack Savings Bank, 2 Dick. Ch. Rep. 279; Gest* v. *Flock, 1 Gr. Ch. 108; Peacock* v. *Briggs, 22 Ch. D. 384; Stew. Dig. (Sup.) p. 179 § 57; 2 Lew. Trusts *691 ch. 26 § 2; Fluck* v. *Fluck's Exrs., 1 C. E. Gr. 478; 1 Lead. Cas. Eq. 1151; 6 Cent. Rep. 198.* All the parties in interest having united in filing their bill and asking for a sale of the land and a determination of the trust before the expiration of the ten years, they will be held to have elected to take the land.

It will be perceived that the persons who are to take in this case have been ascertained with certainty. In this respect it differs from the case, *In re Bartles, 6 Stew. Eq. 46.* In that case, after the death of the life-tenant, the lands were devised to such person or persons as should be her heir or heirs at law of lands held by her in fee simple. This language created an element of uncertainty which it was quite impossible to overcome during the continuance of the particular estate. The court said: "She has heirs apparent and presumptive now, but whether those persons will be her heirs at her death and so entitled to the remainder, cannot be told until that time arrives." Nor should the case of *Booraem* v. *Wells, 4 C. E. Gr. 87,* influence the judgment of the court in this case. In that, the executors attempted to convey title to lands during the lifetime of the tenant of the particular estate without the consent of such tenant, and also without the aid of the court, when the only authority given them by the will was to sell after the death of the life tenant.

In the third place, it is true, as above assumed, that the executors have no duty to perform except to make sale of the lands and to divide the proceeds. The bill alleges that they have not any interest and have no other duty imposed. These allegations are admitted in the answer. These allegations and admissions. must, therefore, be controlling.

With these facts and these legal principles for a foundation, I think the court may, without any embarrassment, direct a sale of the land in question and declare the trust to be determined, except as to the rights and interests of the widow in case of her remarriage. "Although a trust may not have ceased by expiration of time, and though its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence and *sui juris*, and if they all consent and agree thereto, courts of equity may decree the determination of the trust fund among those entitled." *2 Perry Trusts ch. 32 § 920; 2 Lewin Trusts p. *646 ch. 25; Pearson v. Lane, 17 Ves. 101; Whall v. Convers, 15 N. E. Rep. 660.* In *Josslyn v. Josslyn, 9 Sim. 64,* it was decided that where certain moneys were to be paid to a legatee upon his arriving at twenty-four years of age, that he was entitled to have the fund paid to him on his arriving at twenty-one, because the whole equitable interest was in him at that time. Of like import is the case of *Saunders v. Vautier, 1 Craig & P. 240.* In *Sears v. Choate, 146 Mass. 395,* the rule was thus comprehensively stated, that where the plaintiff has the entire beneficial interest, both in the income of property held by trustees for his benefit and in the property itself, and there is no limitation over of the estate in any contingency to any other person, no discretion given to the trustees, and no provision that the income or estate be inalienable by the plaintiff, or attachable by his creditors, he is entitled to a decree terminating the trust.

This case has been considered upon the assumption that all the parties in interest, including the widow, join in the prayer for a sale of the premises. The widow has not remarried. If it should appear, upon further investigation, that in case of her remarriage she would be entitled to rights or interests not excluded by her present consent to a sale, such interest can be protected or provided for by the other parties in interest. The authority for this is *Pearson v. Lane, supra.*

I think an unexceptionable title may be made. A decree will be advised according to the prayer of the bill.