## CHARLES H. HUSTON

### *v.*

## ROBERT BOYD et al.

[Argued December 15th, 1914. Decided December 17th, 1914.]

1. A devise to testator's wife for her support and maintenance and to dispose of as she might deem proper, the estate remaining undisposed of to pass to certain others specifically named, vested in the widow an absolute power of sale, she being entitleed to convey the land for or without a money consideration, and regardless of the result contributing to her maintenance and support.

2. A devise of the residue of testator's estate to his wife for her support and maintenance, and to dispose of as she might deem proper, the estate remaining undisposed of after her death to go to the children of testator's sisters, vested a fee in the widow, under the rule that where lands are devised in the first instance in language indeterminate as to the quality of the estate from which an estate for life would result by implication, and words adapted to a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given.

*Mr. Aaron V. Dawes,* for the complainant.

*Mr. Freeman Woodbridge,* for the defendants.

BACKES, V. C.

Stephen Dedmond died seized of a house and lot in New Brunswick, the title of which passed under this provision of his will:

"All the rest, residue and remainder of my estate, real and personal, wheresoever the same may be, I give, devise and bequeath unto my beloved wife Ann Dedmond for her support and maintenance and to dispose of as she may deem proper. The estate that may remain undisposed of after the death of my said wife I give, devise and bequeath unto the children of my several three sisters—Margaret Winkler, widow of John Winkler, deceased; Frances McFale, widow of Aaron McFale, deceased; Panthea Boyd, widow of John Boyd, deceased."

The widow, Ann Dedmond, gave the property, by deed, to her niece Ann Williams, and she, for a valuable consideration, conveyed it to the complainant, who took it with notice. The complainant is in peaceable possession, and the prayer of the bill is to quiet his title.

The defendants are the children of the three sisters, who contend that the devise to the widow for her "maintenance and support," coupled with the devise over, indicates an intention upon the part of the testator to give a life estate, with a power of sale, exercisable only for support and maintenance. The language of the will forbids the interpretation upon which this insistence rests. It gives the estate to the widow, not only for her support and maintenance, but also "and to dispose of as she may deem proper." Viewing this provision strictly in the light of a power, the grant conferred a right of disposal without limitation. The widow was empowered to convey the estate for, or without, a money consideration, and regardless of the result contributing to her maintenance and support.

But, applying the appropriate rule of construction, settled by a long line of authorities in this state, to the provisions of the will under examination, leads to the conclusion that an estate in fee passed to the widow. Neither in express terms, nor by implication, is a life estate created in the widow, and, "as a rule of

construction, the principle is entirely settled that where lands are devised, in the first instance, in language indeterminate as to the quantity of the estate, from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined to be for life, the superadded words will be construed to be the mere gift of a power of disposition." *Downey* v. *Borden, 36 N. J. Law 460; Tuerk* v. *Schueler, 71 N. J. Law 331; Wills* v. *Wills, 72 N. J. Eq. 782.*

The complainant is entitled to a decree.