FRANK P. BUNNELL, executor, &c.,

*v.*

PAUL F. BEAM, administrator, et al.

[Submitted March 8th, 1916. Decided April 12th, 1916.]

A limitation over is void where the first taker under a will has the uncontrolled power of consuming and exhausting the estate.

---

*Mr. George A. Angle,* for the complainant.

*Mr. Osiris D. McConnell,* for the defendants, the heirs.

*Mr. William H. Morrow,* for the defendants, the cousins.

BACKES, V. C.

The executor of Mary Jane Heldemore asks the advice and instruction of the court concerning the disposition of funds in his hands. Mrs. Heldemore left a will, in which, after making some general bequests, by the fifth section gave as follows:

> *"Fifth.* As to the rest of my estate, real, personal and mixed, I hereby give, devise and bequeath unto my husband Charles Heldemore, *after his death and all expenses are paid, if there is any residue left* it is to be divided among my six cousins,"

whom she named. She left a small quantity of personal property and some real estate, which was sold to pay debts. The husband survived, but is now dead, and the executor is in a quandary whether to pay the proceeds of the real estate to the husband's heirs, or to the six cousins, as directed by the will.

The decision depends upon whether the husband had the right to consume and exhaust the estate, for, if he had, then he was the absolute owner and the devise over is void. This is settled law. In *Annin* v. *Vandoren, 14 N. J. Eq. 135,* the tes-

tator gave his four daughters the residue of the proceeds of sale of certain of his real estate, and all his rights and credits, after the payment of all just debts and expenses, to be paid as soon as the estate could be conveniently settled. By a subsequent clause of the will, the testator made the following direction:

"Should my daughters Lenah and Mary, or either of them, die leaving no legal issue, the share or shares herein bequeathed to her or them (if not paid over by my executors, and if paid over, then such part thereof *as remains unexpended*), I give and bequeath unto my surviving children and their heirs equally between them."

The chancellor held that the daughter Lenah, whose share had been paid over to her, took the share absolutely, by reason of the power of disposal given by the will, saying: "The cases rest upon the principle, that if the testator, either expressly or by implication, manifests an intent to vest in the first legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and the limitation over is void, as inconsistent with the rights of the first legatee. The uncontrolled power of expenditure necessarily implies absolute ownership as fully as the power of disposing of it. And this difficulty can only be overcome by limiting the right of expenditure to so much as may be necessary for the support of the legatee." This doctrine was cited with approval by the court of errors and appeals in *Downey* v. *Borden, 36 N. J. Law 460; McCloskey* v. *Thorpe, 74 N. J. Eq. 413; Brohm* v. *Berner, 77 Atl. Rep. 517.*

In *Brohm* v. *Berner,* the testator disposed of the remainder of the estate as follows:

"I give and bequeath to my beloved wife all my real estate, also all my personal property of every description, also all moneys due me at my decease, to her own private use forever, and after her decease, to the relatives of myself as well as her the balance in equal parts of shares."

Chief-Justice Gummere, delivering the opinion of the court, says: "It is to be observed that the testator by the residuary clause of his will blends his real and personal estate into a single

mass and disposes of it as a unit. He gives it directly to his wife, and not to a third person in trust for her benefit, and declares that she shall receive it for her own private use forever. Thus employed the word 'use' implies something more than a mere usufruct. He then provides that, after her death, 'the balance shall go to his and her relatives in equal shares.' From the context in which it appears the testator evidently intended the word 'balance' as the equivalent of the tenth definition given to it in the Century dictionary, viz., ' "What remains or is left over, as 'He bequeathed the balance of his estate to A. B.' " ' Giving to the word this meaning, the residuary clause is almost identical with the provision of the will construed in *Annin's Executors* v. *Vandoren's Administrator, 14 N. J. Eq. 135,* a case frequently cited in our later decisions. * * * The effect given to this provision in *Annin* v. *Vandoren* was commented upon, approved, and followed by us in the late case of *McCloskey* v. *Thorpe, 74 N. J. Eq. 413.* There the testator by his will directed that the proceeds of the sale of his saw mill be paid over to his wife, to whom he also bequeathed all of the personal property of which he was possessed, and then provided that, 'If there should be anything left after her death,' it should be divided among specified beneficiaries. We held that the effect of the words quoted, unlimited as they were by any other provision of the will, conferred an absolute power of disposal upon the wife, and that the gift over of what was left was void. It is true that in these two cases the testamentary disposition was of personal property, not of real estate. But, as is pointed out by Chancellor Green in *Annin* v. *Vandoren,* the authorities upon the point (and many of them are cited by him) sustain the principle in regard to devises of real estate as well as legacies."

Guided by these authorities, there is not the semblance of a doubt left of Heldemore's absolute ownership of the property in his lifetime. Upon his death it descended to his heirs, to whom the fund now in question must be paid, after the payment of Charles Heldemore's debts; and the devise over to the testatrix's cousins must be disregarded as void.

A sufficient sum to pay Charles Heldemore's debts will be paid to his administrator.

The legacy of $25 to the First Presbyterian Church, of Oxford, New Jersey, under the seventh paragraph of the will called a "codicil," but which in fact is incorporated in the will proper, must fail. It stands in the category of the cousins.

Counsel for the cousins earnestly urged that the language of the will was so plain as not to require interpretation, and that the estate ought to be awarded to those to whom the testatrix unmistakably intended it should go. The answer to this is that the will must be read in the light of established rules of construction and is to be regarded as having been executed with a knowledge of those rules, and as Mr. Justice Pitney said in *Tuerk* v. *Schueler, 71 N. J. Law 331:* "But while full force should be given to the intent of the testator, yet that intent must be gathered by the application of known rules of construction and interpretation, established by oft-repeated and long-standing adjudications."