CAMDEN SAFE DEPOSIT AND TRUST COMPANY, complainant-respondent,

*v.*

ELIZA GUERIN et al., defendants-appellants.

[Argued June 24th, 1918.　Decided November 18th, 1918.]

Where there is a trust to collect and pay, for life, the income of a fund with a gift over of the fund, which latter fails, because of a violation of the rule relating to perpetuities, and as to it the testator dies intestate, and as a consequence the fund becomes vested in the same persons entitled to the income for life, and all that remains of the trust is the collection of income from the fund and its payment to the persons entitled for life, without discretionary power in the trustee, the trust becomes a passive or simple trust and the owners of the fund are entitled to its possession and to have distribution of any part of the fund not subject to an active trust remaining.

On appeal from a decree in chancery advised by Vice-Chancellor Leaming and reported in *87 N. J. Eq. 72.*

*Mr. Harvey F. Carr* and *Mr. Louis B. LeDuc,* for the appellants.

*Mr. Grover C. Richman* and *Mr. William D. Lippincott,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

This appeal presents the question whether the vice-chancellor, who advised the decree appealed from, properly construed the last will and testament of Joseph O. Cuthbert. The will vests in trustees, for whom the complainant has been lawfully substituted, the title to the *corpus* of the residue of the testator's estate, subject to a trust to pay the income for life in equal fifth parts to his children, Mary C. Gillespie, Joseph, Allen and Henry C., and one-tenth each to his granddaughter Mary Rue and her mother, the widow of testator's son Anthony, who predeceased the testator, the share of the income given to Mary Rue's mother to be paid after her death to Mary Rue; the daughter-in-law is now dead and her daughter Mary thus entitled to be paid the whole income from that share. The trust further provides that upon the death of any son, daughter or of the granddaughter Mary Rue, leaving a widow or husband surviving, one-third of the income given to either shall be paid to such surviving widow or husband, and the remaining two-thirds to the child or children of any decedent son, daughter or his granddaughter Mary Rue. The gift of the income was in each case for life only.

The trust also provided that—

"Upon the death of all my sons and daughter and granddaughter, Mary Rue, above named, and their surviving husbands and wives, and also after the death of all the children of the first generation of my said sons, daughter and granddaughter, Mary Rue, the trust hereby created shall cease, and the trustees of this my will, or their successors in office, shall part, divide and distribute all the residue of the capital of my estate to and among the lawful grandchildren of my said sons, daughter and

granddaughter, Mary Rue, absolutely, in the shares and proportions above directed respecting the income clear of further trust, *per stirpes* and not *per capita.*"

At the time of the death of the testator his daughter, three sons and his granddaughter, Mary C. Rue, were his only heirs-at-law. All of testator's children are now dead, and all, except Joseph, left issue. The granddaughter, Mary, is still living but her mother is dead.

The will of the testator refers to the disposition of real estate as well as personal property and it does not appear from the record whether the real has been converted into personal estate, but, as the vice-chancellor said, this is immaterial, for the estate, whether real or personal, of which the testator died intestate, descends to the same persons. In addition to this the will directs the trustees to sell all of the real estate at such time as they may deem most conducive to the best interests of his children and grandchildren, and, after paying certain encumbrances, to invest the surplus to be held upon the trusts attempted to be created, the plain intention of the testator being, to be gathered from other parts of the will, that the real estate should be converted into money before distribution. In such cases real estate must be considered as converted into money from the death of the testator, notwithstanding there be a discretion as to time of sale. *Wurt's Executors* v. *Page, 19 N. J. Eq. 365; Crane* v. *Bolles, 49 N. J. Eq. 373.* So. in either event, whether actually converted or not, the residue is to be disposed of as personalty, no claim being made by any of the parties to elect to take the land if not sold, if that could be done in view of the continuance of some parts of the trust.

Two questions are raised by this appeal, one relating to the period of distribution of the whole or part of the *corpus,* and the other to the distribution of income.

The vice-chancellor held that as the gift of the *corpus* of the estate could not take effect during the period of the lives of persons in being and twenty-one years after, it was in violation of the rule relating to perpetuities and void, and, there being no disposition of the *corpus,* it descended to the tstator's heirs-at-law, subject to the operation of such of the provisions of the trust

as were lawful. This result is correct and is not contested by any of the parties interested in this litigation.

So, we have a gift of a fund to be held in trust to pay the income for life to the children and a grandchild of the settler, and thereafter to their children for life, the latter being the owners of the *corpus* by inheritance for want of the legality of the gift over of the fund, subject to the right, in some cases, to the widow, or surviving husband of a deceased child of the testator to have for life one-third of the income which a deceased child, or the granddaughter of the testator, was given for life.

The first question to be determined is, Are testator's grandchildren, whose deceased father or mother left no surviving widow or husband, and who are entitled to the entire income on their shares, and also the owners under our statute relating to descent or distributions, entitled to be now paid their share of the *corpus?* The vice-chancellor held that there could be no distribution of any part of the *corpus* so long as any of the shares remain subject to the payment of one-third of the income to an existing surviving widow or husband of either of testator's children, or the possibility of such an event, as in the case of the granddaughter, Mary Rue, she being yet alive with a husband who might survive her. We do not agree with the vice-chancellor in this conclusion, for when the right to the income and the ownership of the *corpus* becomes vested in the same person and all that remains to be done is the collection of the income from a fund, and pay it over without any qualification to the person who owns the fund, the trust becomes passive, and in equity, the legal estate of the trustee passes to and vests in the owner.

The purpose of the trust in this case was to limit the interest of the children and grandchildren to the income alone and to preserve the fund for a remainderman who cannot take because the gift over is void, creating an intestacy as to the fund which is now vested in the life tenant, in which event the separation of the two estates comes to an end. Where the purposes of the trust fail, either in whole or in part, by lapse or otherwise, the trustee holds the fund in favor of those who are entitled to it under the statute as the next of kin of the testator (*Skellenger's Executors* v. *Skellenger's Executor, 32 N. J. Eq. 659*), and the

trustee can only hold it so far as is necessary to perform the duties of any part of the trust remaining active.

The vice-chancellor does not hold that where no surviving wife or husband of either of testator's children is living, the estate is not then complete in the heir; all he adjudges is that there can be no distribution of any part of the *corpus* until the death of the last life tenant.

Under a reasonable interpretation of this will the residue of the estate is divided into equal shares, and the income payable on each share to different persons, all having the fee to the *corpus* by inheritance, and there is no reason why in the cases where the right to the income and the ownership of the fund which produces it belong to the same person, distribution of the principal should not now be made.

Striking out the gift over of the *corpus,* we have a trust to collect and pay the income on a fund to the very person who owns it, which is in effect a gift of a fund for the benefit of the owner without discretion of any kind in the trustee. In such case the trust being simple or passive, the owner is entitled to possession of the fund. Where there was a gift of a fund in trust to pay it with accumulation of income to a beneficiary at the age of twenty-four years, it was held he may, if exclusively interested, call for immediate payment on attaining the age of twenty-one and qualified to execute a release. *Lew. Trusts 689,* and cases cited.

. This result applies to the children of Allen Cuthbert, one of the sons of the testator, he having died leaving children and no wife surviving, and includes the share of John O. Cuthbert 3d, a deceased son of Allen, his share in the one-fifth of the *corpus* having vested in him at the death of the testator, subject to the life estate in his father, now extinguished by the father's death, and his share goes to his legal representative. It also applies to the children of testator's daughter, Mary C. Gillespie, she being dead without leaving a husband surviving.

The next question to be considered is whether in cases where a child of the testator has died leaving children, and husband or widow entitled to one-third of the income (which was given to their respective wives or husbands for life), the two-thirds of the

*corpus* of such respective shares should not be presently paid to those who are entitled to it as distributees under the statute, instead of having the trustee collect the income and pay it over to them. We think that as to such two-thirds of the *corpus* the character of the trust has become passive, and all that is necessary for the continuance of the trust is the collection of the income from one-third of the *corpus* and its payment to such life tenant.

By operation of law, because of the failure of the gift over of the *corpus*, the trust has terminated as to any disposition of it by the trustee under the trust, undertaken to be established by the will, beyond the receipt of the income from one-third of the fund, and that the trustee is entitled to hold for the purpose of collecting the income and pay it to a surviving husband or widow during their respective lives.

By the avoidance of the gift over of the *corpus* all that remains of the trust is the collection and payment, to the surviving husbands or widows of the settler's children, of the income on one-third of some of the shares of the *corpus,* and to that the trust is now limited, and the two-thirds of the *corpus* in each of such cases is now distributable.

It is not a requirement that the trustee divest itself, from time to time, of different parcels of a trust estate, but of the right to hold more than sufficient to satisfy the only remaining trusts —that is, to pay the income from one-third of the shares given to surviving husbands and widows of testator's deceased children. As to the residue of the *corpus* the possession of the trustee is only that of a naked trust to pay over to those whom it has descended by inheritance.

The vice-chancellor seems to have overlooked the fact that by the destruction of the gift over of the *corpus* a very large portion of the attempted trust never had any legal existence, and that as to the shares now under consideration, the only active duty imposed upon the trustees is the collection of the income of one-third of such shares and pay it to a life tenant. It is not so much a question of merger as of the partial termination of a trust by operation of law. This conclusion applies to the shares of testator's sons Henry C. and Joseph O., Henry having died

36

leaving a widow and children, and Joseph without a child, leaving a widow.

The third question to be considered is, What is the situation of the *corpus* to which Mrs. Rue is entitled, she being alive and married with a possibility of her husband surviving her? By the tenth section of the will no part of the *corpus* is given to her children, the trustees are directed to distribute the residue among the testator's great-grandchildren, and to the grandchildren of his granddaughter, Mary Rue. It may be that this gift to Mary's grandchildren was a mistake by the person who drafted the will, but that is not now important, because Mrs. Rue is still living and the gift over of the *corpus* being void, her children take by inheritance, subject to her life estate and also to the possibility of a life estate by her husband, if he should survive her, to one-third of the income. In other words, one-fifth of the *corpus* is impounded to pay the income to Mary Rue for life, and in the event of her death to pay of the income given her one-third to her husband for life and thereafter to her children who take by inheritance the principal, so, in this case, the trust remains active and no distribution of the *corpus* is now permissible, as was held by the vice-chancellor, and from which no appeal has been taken.

The vice-chancellor having determined that no part of the *corpus* being distributable during the life of any of the life tenants, adjudged that, in the case of Joseph, son of testator, who is dead, leaving a widow surviving, the widow was entitled to one-third of the income for life, and that the income from the two-thirds remaining fell into the estate to be held as *corpus* until the last life tenant died, and that this rule also obtained to the share of Joseph 3d, the son of Allen, who died after his father, leaving a widow and children, so that this widow and her children get neither income or principal until the last life tenant is dead. Under the view we have expressed, such a disposition of the income is not called for, as there will be no income not disposed of, for all of the *corpus* not required to sustain the active trusts indicated will be distributed to the persons entitled and there will be no income to accumulate.

As a part of the decree is correct it will be affirmed with such modifications as the results we have reached and expressed in this opinion requires. The appellants having succeeded in the principal matters appealed from they will be allowed costs to be paid out of the fund.

Affirmed with modifications.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER—12.

*For reversal*—None.