## MAMIE E. PEDRAJAS

*v.*

## BLOOMFIELD. TRUST COMPANY and LILLA PALOMINO.

[Decided October 17th, 1927.]

*Mr. J. W. Rufus Besson,* for the appellants.

*Mr. George B. Astley* and *Mr. William Hamilton Osborne,* for the respondent.

PER CURIAM.

The bill in this cause was filed by Mamie Pedrajas, the widow of Rafael I. Pedrajas, against the Bloomfield Trust Company and Lilla Palomino, the testator's sister. The purpose of the litigation is to enforce certain rights to which the widow claims to be entitled under the will of her husband. By that will the testator directed his trustee to sell all his real estate and to invest the proceeds of such sale, together with his personal estate, and to pay the income therefrom to his wife, the complainant, during her lifetime. He then provided that upon the death of his wife his trustee should pay over and deliver his estate then in its hands to his son, Rafael, provided that the latter should then have reached the age of twenty-five years, and that, if he had not reached that age, then to apply so much of the income of the estate as, in the judgment of the trustee, should be necessary to the support and maintenance of his son until he should have arrived at the age of twenty-five years. He then provided that, if the son should die before reaching that age, leaving issue, such issue should receive the principal of the estate at the time the son would have reached the age of twenty-five, and that, if both the widow and the son should die before the

latter reached the age of twenty-five, and the son should leave no issue then surviving him, the trustee should pay over, transfer and deliver all of the trust estate to the testator's sister, Lilla, or, in the event of her prior death, leaving issue, to such issue *per stirpes*. The testator's son, Rafael, never married, and died intestate in June, 1926, at the age of thirty-four years. The widow, as has been already stated, is the present complainant. The question presented for solution is whether upon the death of the testator's son the estate in remainder vested in the complainant, or whether it vested in the testator's sister, Lilla, to be enjoyed by her in possession upon the death of the complainant.

A consideration of the provisions of the item of the will which has been recited and of the rules of construction applicable to it under the conditions above set forth, led the vice-chancellor to the conclusion that, by the death of the testator's son, Rafael, the whole of the estate in remainder became vested in the testator's widow, the present complainant; that the life estate given to her by his will and the estate in remainder thereby became merged in her; and that, consequently, the trust was terminated. Reaching this conclusion, he advised a decree directing the trustee to turn over to her all the assets making up the trust estate. From the decree entered in accordance with this provision the defendant, Lilla Palomino, has appealed; her claim being that, upon the death of the testator's son, Rafael, the estate in remainder became vested in her and not in the testator's widow.

We concur in the conclusion reached by the vice-chancellor that upon the death of testator's son the estate for life and the estate in remainder became merged in the widow; that such merger terminated the trust, and that she was, therefore, presently entitled to the assets of the trust estate.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.    14.

*For reversal*—None.