Julia M. Newlin bequeathed her residuary estate to the Girard Trust Company in trust, to pay the income to her husband for life, and
"Upon the death of my said husband I direct that the net income from my estate shall be divided equally, share and share alike, during their respective lives, among such children of mine as may be living at the time of his death and the issue of such of my children as may, at the time of the death of my husband, be deceased, such issue to take among them the share which the parent would have taken if living. Upon the death of each of my children or the issue of such as may be deceased, I direct that the share of principal from which such child or issue so dying was theretofore entitled to the income shall be assigned, transferred and paid over to the Executor of the Will of such child or issue so dying, or to the Administrator of his or her estate, so that it shall become a part of the estate of the one so dying." *Page 499 
The husband is deceased. The testatrix left four children. The four children survived their father. They claim the beneficial ownership of the estate and pray that the trust be declared at an end and the fund paid over to them. The trustee protests that the trust must continue during the lifetime of the children and though it may be that each has a vested share in the corpus, it is not payable until their death.
The testatrix gave to her children not only the income but as well the corpus of her estate. All was to go to them if they survived their father. The direction to pay their shares of thecorpus to their executors or administrators at their death was in legal effect a gift to the children. They were the object of their mother's solicitude; their issue were not within her contemplation. Literal compliance with the direction might well result in the issue or next of kin being enriched, but that would be by operation of law and not by gift under the will. The idea of a gift of the corpus to the issue of the children, deduced from the direction to pay the shares to the personal representatives of the children, finds immediate frustration in the gift to the executors which sweeps it from the next of kin, and by the gift to the executors or administrators which might deny it to the next of kin in favor of possible creditors of the children; and further, the idea is also entirely dissipated by the provision that the issue of any child who shall not survive the father, shall, in the first instance, take the parent's share. The gift of the income to the children and of thecorpus, "so that it shall become a part of the estate of the one so dying," vested an absolute equitable estate in them; the direction to pay the corpus to their executors and administrators are words of limitation, not of purchase. There is no New Jersey guiding authority; we must go to England.Saberton v. Skeels, 1 R. My. 587, and Attorney General v.Malkin, 2 Phill. 64. In the first of these cases the testator directed that one thousand pounds be settled on each of his daughters, in trust, the interest to be paid to the daughter and upon her death to pass according to her will, and in *Page 500 
default of a will, to go to her personal representatives. Upon the death of one of her daughters, her husband took out letters of administration. Her children claimed to be entitled to the fund as her next of kin. The master of the rolls (Sir John Leach) ruled that personal representatives meant executors or administrators; that the estate vested absolutely in the daughter and, thus vested, the husband was entitled to the fund as husband and administrator. In the second case, there was a money trust for husband and wife for their joint lives and upon the death of the survivor, for such beneficiary as the wife should by will appoint, and in default of appointment, "to and for the benefit of her executors and administrators." The wife failed to appoint and her husband, who survived her, failed to administer upon her estate. By his will he bequeathed all his property to their daughter, Mrs. Malkin, who claimed the trust fund as next of kin of her mother, or as her administrator. The question was whether there were two successions and the Crown entitled to probate and legacy duties on each, and it was held that the corpus became part of the wife's estate at her death, to which the husband was entitled, and that the daughter acquired her interest through her father's will, and a double tax was decreed. The lord chancellor (Cottenham) queried: "Does, then, a gift to the executors or administrators of one of several tenants for life of a fund constitute part of the estate of such tenant for life, or is it a gift in trust for the next of kin of such person? It seems strange that this should be made a question. The title of the tenant for life was admitted and assumed in Saberton v.Skeels, 1 Ross. M. 587, and Walter v. Makin, 6 Sim. 148;"
and he concludes: "I am of opinion that the husband became entitled to this reversionary interest jure mariti, and the probate and legacy duties are payable upon it as part of his estate." Jarman says (3 Jarm. Wills (7th ed.) 1930 p.1590): "Those cases in which legal personal representatives take by direct gift must, however, be carefully distinguished from those in which the words `executors and administrators,' or `legal representatives,' are *Page 501 
used as mere words of limitation. As in the common case of a gift to A and his executors or administrators, or to A and his legal representatives, which will, beyond all question, vest the absolute estate in A. The same construction, too, in some instances, has been applied in cases of a more doubtful complexion; as where the bequest was to A for life, and, after his decease, to his executors or administrators or personal representatives. So, in numerous instances, where a testator has given a fund in trust for A for life (frequently a married woman), with power to appoint it after her death, and, in default of appointment, to the `executors or administrators,' or to the `personal representatives' of A, the words have received this as their proper interpretation: A was considered to be the only object of bounty, and the words were held to be in effect mere words of limitation."
There is no valid legal objection to accelerating the period of distribution. That period was postponed for the single purpose of letting in the life interest of the four children. The gift to the life interest is absolute and there is no contingency to the vesting of the remainder; there is no gift over. There is no discretion in the trustees, either as to the payment of the income or the principal and no restriction upon the children against alienating the income or corpus; nor is there direction to keep the corpus intact to sustain the income and no hedging in of either the income or corpus indicating a spendthrift trust. The entire beneficial interest in the estate being in the four children, and as no one else, now, or in the future, has, or can have, any interest in it, and all being sui juris, they may bring the trust to a close. Schmeider v. Meyers, 96 N.J. Eq. 69.
The decree in that case was reversed in 97 N.J. Eq. 335
because this court failed to give due consideration to a possible divestiture of the remaindermen's interest. In Huber v.Donoghue, 49 N.J. Eq. 125, the testator directed his executors to use the income of his estate for a period of ten years for the maintenance of his wife and unmarried children, and at the expiration of that time, to divide his *Page 502 
estate among his wife and children. Before the time was up they elected to take and end the trust. Vice-Chancellor Bird, applying the rule, said: "Although a trust may not have ceased by expiration of time, and though its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence and sui juris, and if they all consent and agree thereto, courts of equity may decree the determination of the trust fund among those entitled." He cites Sears v. Choate, 146 Mass. 395, where he says: "The rule was thus comprehensively stated, that where the plaintiff has the entire beneficial interest, both in the income of property held by trustees for his benefit and in the property itself, and there is no limitation over of the estate in any contingency to any other person, no discretion given to the trustees, and no provision that the income or the estate shall not be alienable by the plaintiff or attachable by his creditors, he is entitled to a decree terminating the trust."
The trustee will be decreed to pay the fund to the complainants.