Marian B. Heath of Mountain Lakes, Morris County, New Jersey, died on or about the 21st day of December, 1945, *Page 34 
leaving a last will and testament. On January 3d 1946, it was probated before the surrogate of Morris County, and letters testamentary were issued to the complainant, the executor named in the will. Subsequently, letters of trusteeship were issued also to complainant.
In and by her last will and testament the decedent divided her residuary estate into five equal parts. One part thereof was bequeathed to the defendant Douglas M. Esterly, and reads as follows:
"(c) To my trustee hereinafter named in trust nevertheless for the following uses and purposes:
"Subject to the withdrawals hereinafter provided for, to invest, re-invest, and keep the same invested and to collect the income therefrom, and after paying out of said income all the necessary and proper expenses incident to the administration of the trust hereby created,
"(1) To pay over the entire net income to my nephew Douglas M. Easterly, now of 1011 Cortlandt Street, Peekskill, New York, during the term of his natural life.
"(2) I give and bequeath to my said nephew, Douglas M. Easterly, the further power, authority and right in each period of twelve (12) months succeeding the date of the setting up of this trust to withdraw from the corpus of this trust fund a sum not to exceed in any twelve (12) month period ten percent (10%) of the value of said corpus computed as of the first day of such period. The said Douglas M. Easterly shall not have the right to carry over to the following period any unexercised option in whole or in part, it being my intention that there shall not be withdrawn in any one period more than ten percent (10%) of the market value of the corpus of this trust fund computed as of the first day of such period. I hereby direct my trustee to pay over to said Douglas M. Easterly from the corpus
of this trust fund upon his evidencing in writing the exercise of the aforesaid option such monies as become payable to him under this paragraph of my will.
"(3) Upon the death of said Douglas M. Easterly this trust shall cease and come to an end and I give and bequeath the principal of said trust fund to the executor or administrator of my said nephew, Douglas M. Easterly."
The beneficiary Douglas M. Esterly's name is misspelled "Easterly" in the will. The sixth paragraph of decedent's will directs her executor to reduce the entire estate to cash.
Esterly made a demand upon the complainant, as executor, that it pay to him the one-fifth share of the residuary estate *Page 35 
declaring that he is the sole beneficiary of the trust, that the same has vested absolutely in him, and that he is entitled to the full payment thereof.
The complainant seeks a construction of the will and a declaration of the rights thereunder of the defendant Douglas M. Esterly.
Douglas is married. He has four children, namely, a son, Howard, of full age; Douglas M., Jr., a minor of eight years; a son, Vernon Marshall, a minor of five years, and a son, Robert Augustus, a minor of two years.
The complainant opposes the attitude taken by Douglas that the trust fund should be terminated. It contends that the termination of the trust by this court would frustrate the intent, purpose and object of the testatrix.
Where in a trust estate the beneficiary has the entire beneficial interest, both in the income of property held by the trustees for his benefit and in the property itself, there being no limitation of the estate in any contingency to any other person, there being no discretion given to the trustees, and no provision that the income or estate shall not be alienable by the beneficiary or attachable by his creditors, our court has taken the position that he is entitled to a decree terminating the trust. See Newlin v. Girard Trust Co., 116 N.J. Eq. 498;174 Atl. Rep. 479. The law as expounded in Newlin v. Girard TrustCo. is not followed in some other jurisdictions. In the NewlinCase the testatrix by her will directed that the net income of her estate go to her children, and upon their deaths the corpus
should be paid to their executors or administrators. Vice-Chancellor Backes there said: "The direction to pay their shares of the corpus to their executors or administrators at their death was in legal effect a gift to the children. They were the object of their mother's solicitude; their issue were not within her contemplation." And he also said that: "The gift of the life interest is absolute and there is no contingency to the vesting of the remainder; there is no gift over. There is no discretion in the trustees, either as to the payment of the income or the principal and no restriction upon the children against alienating the income *Page 36 
or corpus; nor is there direction to keep the corpus intact to sustain the income and no hedging in of either the income orcorpus indicating a spendthrift trust. The entire beneficial interest in the estate being in the four children, and, as no one else, now, or in the future, has, or can have, any interest in it, and all being sui juris, they may bring the trust to a close."
Vice-Chancellor Backes found support for his conclusions in the English rule on the subject, and also in 3 Jarm. Wills (7thed.) 1590, wherein it is stated:
"Those cases in which legal personal representatives take by direct gift must, however, be carefully distinguished from those in which the words `executors and administrators,' or `legal representatives,' are used as mere words of limitation. As in the common case of a gift to A and his executors or administrators, or to A and his legal representatives, which will, beyond all question, vest the absolute interest in A. The same construction, too, in some instances, has been applied in cases of a more doubtful complexion; as where the bequest was to A for life, and, after his decease, to his executors or administrators or personal representatives. So, in numerous instances, where a testator has given a fund in trust for A for life (frequently a married woman), with power to appoint it after her death, and, in default of appointment, to the `executors or administrators,' or to the `personal representatives,' of A, the words have received this their proper interpretation. A was considered to be the only object of bounty, and the words were held to be in effect mere words of limitation."
A case in point and which has been approved by the courts of our state is Sears v. Choate, 146 Mass. 395; 15 N.E. Rep. 786;4 Am. St. Rep. 320. The court there declared:
"The present bill alleges that the plaintiff has the entire beneficial interest, both in the income of the property held by the trustees for his benefit, and in the property itself, and prays that this trust may be terminated, and the property conveyed to him * * *. There is in the will no limitation over of the estate in any contingency to any other person; there is no discretion given to the trustees, and there is no provision that the income or the estate shall not alienable by the plaintiff, or attachable by his creditors. It cannot be doubted that under this rule the plaintiff took an equitable *Page 37 
estate, which he might alienate, and which equity would apply to the payment of his debts."
The complainant indicates that the case of Claflin v.Claflin, 149 Mass. 19; 20 N.E. Rep. 454, is helpful to his present position and that it explains or distinguishes the case of Sears v. Choate, supra. I do not think it does. There, certain restrictions were imposed. In the Claflin Case, the court said: "It is plainly his will that neither the income nor any part of the principal should now be paid to the plaintiff." No such direction appears in the will under consideration.
In Tilton v. Davidson, 98 Me. 55; 56 Atl. Rep. 215, the court terminated the trust since the beneficiary was the sole party in interst.
Newlin v. Girard Trust Co., supra, was followed by Vice-Chancellor Sooy in the case of Camden Trust Co. v. Wolfe,131 N.J. Eq. 437; 25 Atl. Rep. 2d 915. There the Vice-Chancellor declared:
"* * * there seems to be no doubt but that the gift of thecorpus at the expiration of ten years from the date of testator's death vested in the named beneficiaries at the date of death and that the words `their executors, administrators and assigns' are of limitation and not substitution, * * *."
See in Huber v. Donoghue, 49 N.J. Eq. 125;23 Atl. Rep. 495, and also 2 Perry on Trusts and Trustees (7th ed.)1561 ¶ 920, wherein it is stated:
"Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence, and sui juris, and if they all consent and agree thereto, (and if there is no ultimate purpose requiring its continuance,) courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled."
In the case of Martin v. Martin, 106 N.J. Eq. 258;150 Atl. Rep. 338, Vice-Chancellor Leaming stated that:
"The authorities are in harmony to the effect that no doubt can exist as to the power and duty of this court to decree the termination of a trust, where all the objects and purposes *Page 38 
of the trust have been accomplished, where the interests under it have all vested, and where all parties beneficially interested desire its termination."
The decision in Newlin v. Girard Trust Co., supra, is supported in many jurisdictions subscribing to the rule that where the beneficiary is the sole party in interest and the trust is not a spendthrift trust, the beneficiary, if of full age, may terminate it, irrespective of the creator's intention. See In reBuch's Estate, 278 Pa. 185; 122 Atl. Rep. 239; Tilton v.Davidson, supra; Barnard v. Stone, 159 Mass. 224;34 N.E. Rep. 272; Josselyn v. Josselyn, 9 Sim. 63; Saunders v. Vautier, 4Beav. 115; Cr. Ph. 240; Huber v. Donoghue, supra; Bennett v.Chapin, 77 Mich. 526; 43 N.W. Rep. 893; Rector v. Dalby,98 Mo. App. 189; 71 S.W. Rep. 1078; Weatherhead v. Stoddard,58 Vt. 623; 5 Atl. Rep. 517.
The cases of Brooks v. Davis, 82 N.J. Eq. 118;88 Atl. Rep. 178; Supreme Lodge, K. P. v. Rutzler, 87 N.J. Eq. 342;100 Atl. Rep. 189; Camden Safe Deposit and Trust Co. v. Guerin,89 N.J. Eq. 556; 105 Atl. Rep. 189; Schmeider v. Meyer, 96 N.J. Eq. 69; 125 Atl. Rep. 140; L'Hommedieu v. L'Hommedieu, 98 N.J. Eq. 554; 131 Atl. Rep. 302; Pedrajas v. Bloomfield Trust Co.,101 N.J. Eq. 105; 137 Atl. Rep. 86; affirmed, 101 N.J. Eq. 803;139 Atl. Rep. 18; Carter v. Martin, 122 N.J. Eq. 262;193 Atl. Rep. 704, hold that where a trust is a mere device preserving the estate during life tenancy for benefit of remainderman, if the life interest and remainder become vested indefeasibly in the same person, the trust will be terminated and the beneficial owner will be given possession of both.
The complainant states in its bill that the duties imposed upon it indicates that the testatrix intended to protect the defendant's (Douglas M. Esterly) interest in the trust from acts of improvidence on his part, and to provide an assured income for him during his life. It is not clear whether this allegation infers or implies that the testatrix intended to create a "spendthrift trust," or that the income or estate be inalienable by the beneficiary or unattachable by his creditors.
There is nothing, however, in the instant case to indicate *Page 39 
the intention of the testatrix to restrict the trust to beneficiary's personal benefit without recourse to creditors or assignees. The decedent's will is clear on its face; it does not make the trust immune from attachment by creditors; and it does not contain any express or implied provisions against alienation by the beneficiary; neither is there anything in it to indicate that the beneficiary was to be protected against acts of his own improvidence.
The fact that the defendant Esterly has children has no bearing upon this case. He is the only party mentioned by the donor and she evidently did not have his children in mind. If she did, undoubtedly, she would have mentioned them. However, she left thecorpus to Esterly's executors or administrators, and consequently, Esterly has the absolute power of disposition. He is free to give what may be left of the bequest to his wife or to a stranger, to the exclusion of his children. He takes the bequest in fee. See Dutch Church of Freehold v. Smock, 1 N.J. Eq. 148; Downey v. Borden, 36 N.J. Law 460; Rodenfels v.Schumann, 45 N.J. Eq. 383; 17 Atl. Rep. 688; Benz v. Fabian,54 N.J. Eq. 615; 35 Atl. Rep. 760; Tuerk v. Schueler,71 N.J. Law 331; 60 Atl. Rep. 357; Wills v. Wills, 72 N.J. Eq. 782;69 Atl. Rep. 256; affirmed, 73 N.J. Eq. 733; 69 Atl. Rep. 256;McCluskey v. Thorpe, 74 N.J. Eq. 413; 69 Atl. Rep. 973; Huston
v. Boyd, 84 N.J. Eq. 107; 92 Atl. Rep. 794; Bunnell v. Beam,86 N.J. Eq. 101; 97 Atl. Rep. 494; Hyde v. Hyde, 88 N.J. Eq. 358; 102 Atl. Rep. 830; Henderson v. McGowan, 91 N.J. Eq. 359;110 Atl. Rep. 517; Brohm v. Berner, 95 N.J. Law 85;77 Atl. Rep. 517.
The words disposing of the so-called remainder to Esterly's executors and administrators are words of limitation and not a gift. This being so the period of distribution may be accelerated, because there is no gift over.
The complainant argues that the Esterly children have a present contingent interest. There is no justification for that contention; and no authority is cited to support the statement. A provision in a will that an executor or administrator may have the remainder without limitation is not a *Page 40 
gift for anyone else. The children of the donee acquire no interest therein, contingent or otherwise, by reason of such provision.
While several states agree with the complainant's theory of the termination of the trust, nevertheless just as many agree with the rule for its termination. The law of our state must be our guide. It supports the claim of Douglas.
In Gaston v. Ford, 99 N.J. Eq. 592; 133 Atl. Rep. 531,
Vice-Chancellor Buchanan analyzes and compares our leading cases from early days. He declares that language similar to that used in the will of the decedent herein, where there is a power of absolute disposition in the immediate donee or devisee, and where there is a gift over vests a fee-simple in the first donee or devisee. I feel that under the cases cited and the principle enunciated that the executor should not set up a trust fund but should turn over to Douglas the entire fund bequeathed by the testatrix.
I shall advise a decree to conform with the views hereinabove expressed.