9 N.J. Super. 552 (1950)
75 A.2d 916
THE NATIONAL STATE BANK OF NEWARK, TRUSTEE UNDER AN AGREEMENT DATED DECEMBER 23, 1941, FOR THE BENEFIT OF WALTER L. CONWELL AND OTHERS, PLAINTIFF,
v.
MARGARET CONWELL MORRISON, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 29, 1950.
*555 Mr. Emory C. Risley for the plaintiff (Messrs. Stryker, Tams & Horner, attorneys).
Mr. Irving Riker for the defendant Lillian Pantall Conwell (Messrs. Riker, Emery & Danzig, attorneys).
Mr. Robert K. Bell for the defendants Margaret Conwell Morrison, Joseph Danby Conwell and Lewis Anthony Conwell.
Mr. Henry T. Stetson for the defendant Henry T. Stetson, executor and trustee under the last will and testament and codicils of Walter L. Conwell, deceased (Messrs. Stetson & Gormley, attorneys).
*556 FREUND, J.S.C.
This proceeding is for the further construction of a trust agreement and the will of Walter L. Conwell, deceased, and instructions with respect thereto. This opinion is in conjunction with a previous determination in this matter, reported in 7 N.J. Super. 333. Following that opinion, it was urged that further questions require determination. The attorney for the defendants, Margaret Conwell Morrison et al., argues that the issues formulated at the pretrial conference preclude further argument and that under Jenkins v. Devine Foods, Inc., 3 N.J. 450 (1950), the parties should be held to have waived questions not there presented. Previously, the parties argued two main points, namely, whether the power of appointment contained in the trust agreement was an exclusive or a non-exclusive power, and whether it was effectively exercised. A determination that the power was non-exclusive or that it had not been effectively exercised would have completely disposed of the matter. However, since the court decided that the power was exclusive, the plaintiff urges that the questions now presented have arisen.
It is my impression, as well as that of the attorneys for the plaintiff and for the defendant, Lillian Pantall Conwell, that at the pretrial conference the issues were narrowed to avoid the determination of technical questions which might be moot. Under the special circumstances of this case, I do not consider that the parties have waived their right to present the additional issues herein discussed.
Walter L. Conwell, president and director of The Safety Car Heating and Lighting Company, Inc., entered into a contract of employment with the corporation, under which the company agreed, in addition to paying his annual salary, to create a retirement fund for his benefit. Pursuant to its contract, the company entered into a trust agreement with the plaintiff as trustee, which provided in part as follows:
"(e). If all the property constituting the Retirement Fund shall not have been paid to C during his lifetime, the balance remaining in the hands of the Trustee shall, on the decease of C, be paid to his *557 widow and/or nephews and nieces or their descendants, as C may provide by his Last Will and Testament; and if C shall fail to make such appointment in his said Will, the said property shall be paid and delivered to the person or persons who would have been entitled to his estate under the laws of the state of his residence, on his decease, if he had died intestate."
The above power of appointment I considered to be exclusive, for the reasons expressed in the former opinion. Conwell died on May 27, 1948. Under the terms of his will and codicils, he exercised the power of appointment with reference to the retirement fund, making it part of his residuary estate, which he bequeathed to his executor in trust. He directed that the income be paid to his widow, Lillian Pantall Conwell, for life. Upon her death, he bequeathed the sum of $5,000 to his nephew, Lewis Anthony Conwell, and the balance he divided into three equal parts, each in trust. The income from one part he directed to be paid to his nephew, Joseph Danby Conwell, and from another to his niece, Margaret Conwell Morrison, during their respective lives, and he gave each of them a general testamentary power of disposition of the principal and, in the event of their failure to dispose of the same, then to their next-of-kin. The will provided as follows with respect to Joseph Danby Conwell: "the power to dispose of the principal thereof on his decease in and by his last will and testament; and in the event that he fails so to dispose of the same, I direct that it shall be given to his next-of-kin as may be determined by the laws of the state where this will is probated." The same provision was made with regard to the part bequeathed to Margaret Conwell Morrison. The income from the third part he directed to be paid to his niece, Luella E. Conwell, during her life; but he did not vest her with any power of disposition of the principal as he did his nephew Joseph and his niece Margaret. Luella E. Conwell died on June 2, 1949, survived by the testator's widow, Lillian Pantall Conwell, and by her brother, Joseph, and her sister, Margaret.
The main question now raised is whether Conwell validly exercised the power conferred upon him by the trust agreement. *558 The general inquiry involves several intermediate questions.
In substance, the following contentions are made: (1) that the power required appointment to the specific legatees and that the appointment to a trustee was not a compliance therewith, (2) that the trust agreement conferred the power upon Conwell to dispose of the balance of the retirement fund in fee, whereas he bequeathed a life estate, with a general power of disposition to the life tenants, (3) that such exercise of his power of appointment was in violation of the rule against perpetuities. And, by reason of the failure of Conwell to make disposition of the one-third of the corpus, the income of which he directed to be paid to Luella E. Conwell, and by reason of her death, conflicting claims are made with respect to such portion of the retirement fund.
In my earlier opinion, I concluded that the retirement fund was compensation for Mr. Conwell's services to the corporation and the implication was clear that he was to have control over the fund. In construing the power to be an exclusive power, I was guided by the familiar rule of construction that the intention of the donor is the great principle governing the construction of powers. In the determination of the questions now raised, the same rule applies. The intent is "not to be thwarted by refinements and distinctions resting upon subtlety and ingenuity or by lack of technical accuracy in the use of words or by unduly stressing the literal meaning of a few words or by attaching to them a hard and fast meaning which is not in consonance with the setting in which they were employed." Beals v. Magenis, 307 Mass. 547, 31 N.E.2d 20 (Sup. Jud. Ct. 1941).

I.
It is settled that unless a donor manifests a contrary intention, a donee of a general power of appointment may make appointments in trust. Marx v. Rice, 1 N.J. 574 (1949). It is argued that since the power in this case was *559 special, a contrary rule applies. However, a special power may also be exercised effectively in trust if such intention may be gathered from the instruments or the facts in the case. The rule is stated in Restatement, Property, § 358, thus: "If, but only if, the donor does not manifest a contrary intent, the donee of a special power can effectively * * * (e) appoint interests to trustees for the benefit of objects. * * * Comment: A. Rationale. It is to be inferred, unless the contrary is indicated, that the donor of a special power intends the donee to have the same breadth of discretion in appointment that he has in the disposition of his owned property, subject only to the restrictions that non-objects of the power receive no benefit and that the discretion reposed in the donee be not transferred to another person to too great an extent. This inferred general intent of the donor includes permission to the donee to make the types of appointments enumerated in Clause (s) * * * (e)." In 49 C.J., Powers, § 56, page 1267, the rule is thus stated: "Under a power of appointment, either general or special, containing no restriction as to the nature of the estate to be raised, the donee is not limited to the appointment of the legal estate, but may execute the power by an appointment in trust for the objects of the power, except where it appears, either expressly or impliedly, from the instrument creating the power that the donor intended the appointees to take, not in trust, but absolutely." See also Scott on Trusts, Vol. 1, § 17.2.
There is nothing in the instruments under consideration which manifests an intent that would deny to Conwell the right to exercise the appointment in trust.

II.
Did the power conferred upon Conwell restrict him to a disposition to the objects of the trust in fee simple? Whether a donee having a power to appoint personalty absolutely may carve out a lesser estate or interest depends upon the application of the rule of reasonable construction. Conwell *560 was authorized to appoint the estate in fee simple. The power to appoint the fee includes generally the power to appoint a lesser estate unless such appointment is inconsistent with the terms and intent of the power. The lesser is included in the greater. In the instant case, the exercise of the power was not excessive, but a partial execution of it. Conwell's power was limited merely as to the objects, namely, "his widow and/or nephews and nieces"; but he was not restricted to an appointment in fee simple. See Note, 121 A.L.R. 139. 41 Am. Jur., Powers, § 61, page 849.
The bequest of income for life with power of testamentary appointment over the remainder and in default of such appointment to the life tenants' next-of-kin is tantamount to a disposition in fee. If Conwell had bequeathed the retirement fund to his nephew and niece in fee, they could, of course, make a testamentary disposition of such portion of the fund as might remain at the time of their deaths; and, neglecting such disposal, it would pass to their next-of-kin through intestacy. Therefore, Conwell's testamentary provisions regarding the retirement fund are consistent with, and are, an effective exercise of the terms of the trust agreement. The rule is thus expressed in Restatement, Property, § 359, as follows: "(1) The donee of a special power can effectively exercise it by creating a general power in an object of the special power, unless the donor manifests a contrary intent. (2) The donee of a special power can effectively exercise it by creating in an object an interest for life and a special power to appoint among persons all of whom are objects of the original power, unless the donor manifests a contrary intent." In Garfield v. State Street Trust Company, 70 N.E.2d 705, 169 A.L.R. 719 (1947), the Massachusetts Supreme Judicial Court said: "In essence the exercise of the power * * * was not a delegation of his power, but was a complete exercise of it, and under the terms of his will all his rights under the indenture of trust passed for the benefit of his wife, and in its nature was rather `a statement of a mode of enjoyment, use, and disposition of that which *561 is virtually an absolute interest.' Thayer v. Rivers, 179 Mass. 280, 289, 60 N.E. 796. The donee of such a power, although he cannot transfer the property that is the subject of the power during his life, is for many purposes treated as owner, and by appointment to take effect at his death may make the property completely his own by appointment to his estate." Viewing the trust agreement and the will and codicils together, and considering them as a whole, it is my conclusion that the power was not restricted to disposition in fee, and that the enjoyment of the income from the fund by Conwell's nephew and niece during their lives, with the general power of appointment in them as to the remainder, and in default of appointment to their next-of-kin, is not contrary to the intent of the donor.

III.
"A power is subject to the rule against perpetuities and is, when created by will, void unless, by its authorizing language, it must be exercised within a life or lives in being and twenty-one years thereafter." Burlington County Trust Co. v. Di Castelcicala, 2 N.J. 214 (1949). Marx v. Rice, 3 N.J. Super. 581 (Ch. Div. 1949).
The trust instrument was drawn in 1941. The last codicil to the will was executed in 1948, the same year Conwell died. All the persons interested in the retirement fund, namely, his wife, his nephew and nieces, were in being at the time of the execution of the trust agreement, of the will and its codicils, and at the time of Conwell's death. The power of appointment conferred upon Conwell by the trust agreement was exercised by him in his lifetime. The testamentary power of appointment which he by his will conferred upon his nephew and niece must necessarily be exercised by them, if at all, within their lifetimes, and, upon their failure to so appoint, their next-of-kin inherit upon their death, through intestacy. Hence, there is no suspension of the vesting of title for a period beyond lives in being and twenty-one years thereafter.

*562 IV.
Conwell bequeathed to his niece, Luella E. Conwell, the income from one-third of his residuary estate during her life, but made no disposition of the principal at her death. Luella E. Conwell died on June 2, 1949, survived by the testator's widow, Lillian Pantall Conwell, and by her brother, Joseph Danby Conwell, and her sister, Margaret Conwell Morrison. Mrs. Conwell is the life beneficiary of all the income from the residuary estate. She claims the one-third portion of the fund on the ground that her husband's failure to dispose of said portion constituted intestacy and that she is entitled to it as his surviving spouse, no issue having been born. R.S. 3:5-3. Luella Conwell's brother and sister claim that notwithstanding the failure of Mr. Conwell to specifically dispose of this portion, it was nevertheless his intention that they should be the beneficiaries thereof.
The trust agreement provided that "if Conwell shall fail to make such appointment * * * said property shall be paid and delivered to the person or persons who would have been entitled to his estate under the laws of the state of his residence, on his decease, if he had died intestate." Conwell, having failed to appoint the remainder of the one-third share upon the termination of Luella's life estate, died intestate with respect to it. Accordingly, his surviving spouse is entitled thereto. Being the same person entitled to all life income, as well as the remainder of one-third of the fund, the trust as to this one-third has terminated, and payment thereof may be made to Mrs. Conwell. See Camden Safe Deposit & Trust Co. v. Guerin, 89 N.J. Eq. 556 (E. & A. 1918); Pedrajas v. Bloomfield Trust Co., 101 N.J. Eq. 105 (Ch. 1927); affirmed, 101 N.J. Eq. 803 (E. & A. 1927); Newlin v. Girard Trust Co., 116 N.J. Eq. 498 (Ch. 1934); Jessop v. Lebson, 127 N.J. Eq. 486 (Ch. 1940); Ampere Bank and Trust Co. v. Esterly, 139 N.J. Eq. 33 (Ch. 1946).
To construe the instruments as contended by the nephew and niece, that it was the intention of the testator that *563 they be the beneficiaries as to this one-third portion, would require a rewriting of the testator's will and trust agreement. Evidently, the documents were drawn by counsel and carefully considered by the testator. While the law abhors intestacy, it is not the function of a court under such circumstances to supply omissions in a will. Indeed, in this case, the trust agreement provided for the contingency which happened; that is to say, it directed that if there should be a failure to appoint, "the said property shall be paid and delivered to the person or persons who would have been entitled to his estate under the laws of the state of his residence, on his decease, if he had died intestate." Therefore, the testator intended, in the event of his failure to effectively dispose of the one-third share by his will, that the foregoing provision of the trust agreement should apply, and that his widow should take such share.

V.
The final question is with respect to the payment of any federal estate or New Jersey inheritance taxes. Generally, the point was covered in the earlier opinion, in which I held that under the specific phraseology of the testator's will, all estate and inheritance taxes be paid out of the residuary estate. The executor argues that these taxes on the one-third portion now directed to be paid to the widow, Lillian Pantall Conwell, should be borne by her and not as a charge against the residuary estate, for the reason that this portion of the trust fund passes to Mrs. Conwell, not as part of the residuary estate nor through the will, but rather under the provisions of the trust agreement. The point is well taken. Mrs. Conwell should pay any taxes which may become due and payable by reason of the payment to her of the one-third of the retirement fund in which Luella E. Conwell had a life interest. The testator directed that "all bequests and other provisions for any beneficiary created in this Will shall be free from any and all legacy, transfer inheritance, state or succession taxes, and federal estate taxes, and that any and *564 all taxes which may be due in respect to said bequests or other provision shall be paid by my executors and trustees out of my residuary estate"; but the fund now payable to Mrs. Conwell does not come to her through any bequest of the testator. By way of illustration, if Conwell had not exercised the power of appointment over the retirement fund and had died intestate, his widow, as his sole next-of-kin, would have been entitled to the entire fund, but she would have had to pay any taxes chargeable against such inheritance. Since she is entitled to one-third through intestacy, she is required to pay any taxes chargeable to such portion.
Judgment may be presented in accordance with the foregoing conclusions.